Opinion issued March 19, 2009









 








In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00209-CR






THE STATE OF TEXAS, Appellant


V.


ALVETTA GEORGETTE COLLIER, Appellee






On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 36,767A









O P I N I O N

 Appellant, the State of Texas, appeals an order that set aside an indictment
against appellee, Alvetta Georgette Collier, for the state jail felony of tampering with
a government record with the intent to defraud or harm another. See Tex. Penal
Code Ann. § 37.10(c)(1) (Vernon Supp. 2008). In its sole issue, the State contends
the trial court erred by setting aside the indictment because the statute of limitations
was tolled by the original indictment for Class A misdemeanor tampering with a
governmental record. Although the misdemeanor indictment for tampering with a
governmental record pleaded elements constituting a misdemeanor offense, we
conclude the indictment invoked the subject matter jurisdiction of the district court
because the record shows an intent to charge Collier with felony tampering with a
governmental record. Because the indictment was in a court of competent
jurisdiction, it tolled the limitations period for the re-indictment that charged Collier
with felony tampering with a governmental record. We therefore reverse and remand
the cause to the trial court.

Background

 Collier was a corporal with the Fort Bend County Constable's Office Precinct
Two. The office discharged Collier for violating its rules by falsely claiming she was
at work at the constable's office on or about September 17, 2001 when she was not
there. On August 19, 2002, Collier was indicted for tampering with a government
record in an indictment that claimed she did "knowingly make a false entry to wit:
time worked, in a governmental record, to wit: a time sheet." Although the elements
in the indictment only asserted a claim for a class A misdemeanor, (1) the indictment
stated, "Felony charge: Tampering with government records/felony-3" and the case
was assigned to the 400th Judicial District Court of Fort Bend County. 


 On January 28, 2008, the State re-indicted the case by asserting the same
allegation but adding that Collier committed the offense with the intent to defraud or
harm another, which made the charge a state jail felony. (2) The State included a tolling
allegation in the re-indictment. The tolling allegation stated, 

 During August 19, 2002 and January 29, 2008, an indictment was
pending in the 400th Judicial District Court of Fort Bend Country,
Texas, in Cause Number 36,767, which alleged that on or about
September 17, 2001, the Defendant committed the offense of tampering
with a government record by knowingly making a false entry to wit:
time worked, in a governmental record, to wit: a timesheet.

 On February 13, 2008, Collier filed a motion to set aside the state jail felony 
indictment on the ground that the state jail felony was barred by limitations because
the Class A misdemeanor could not toll the limitations period. Collier explained that
the district court did not have subject matter jurisdiction over the Class A
misdemeanor and it was therefore not a court of competent jurisdiction, as is required
for an offense to qualify for use in tolling the limitations period. The State's response
to Collier's motion agreed that the district court "would not have jurisdiction to hear
the case," but asserted the district court "does have the power, as a magistrate, to reset
it, as it has done previously." The State also claimed that because the reindictment
alleged the same conduct with the mere addition of the "with intent to defraud or
harm another" language, the limitations period was tolled during the period of time
the Class A misdemeanor charge was pending in the district court. After a hearing,
the trial court granted Collier's motion.Tolling of Statute of Limitations

 In its sole point of error, the State contends the trial court erred by granting
Collier's motion to set aside the indictment.

 The statute of limitations for the state jail felony of tampering with a
governmental record is three years. See Tex. Code. Crim. Proc. Ann. art. 12.01(6)
(Vernon Supp. 2008). The State's indictment in 2008 for the state jail felony of
tampering with a governmental record is outside the statute of limitations. See id. 
However, the State contends the limitations period is tolled by the 2002 indictment
for tampering with a governmental record.

 The 2002 tampering with a governmental record indictment properly tolls the
limitations period if it was pending in a court of competent jurisdiction. The Texas
Code of Criminal Procedure article 12.05(b) states, "The time during the pendency
of an indictment, information, or complaint shall not be computed in the period of
limitation." Tex. Code Crim. Proc. Ann. art. 12.05(b) (Vernon 2005). The code
defines the term "during the pendency," as, 

 that period of time beginning with the day the indictment, information,
or complaint is filed in a court of competent jurisdiction, and ending
with the day such accusation is, by an order of a trial court having
jurisdiction thereof, determined to be invalid for any reason.


Id. art. 12.05(c) (emphasis added).

 The Texas Government Code provides that county courts have exclusive
jurisdiction over misdemeanors, except those involving official misconduct, as
follows:

 (a) . . . a county court has exclusive original jurisdiction of
misdemeanors other than misdemeanors involving official misconduct
and cases in which the highest fine that may be imposed is $500 or less.


Tex. Gov't Code Ann. § 26.045 (Vernon Supp. 2008). Under the Government
Code, therefore, district courts have jurisdiction only over misdemeanor offenses
"involving official misconduct" (3) and county courts have jurisdiction over all other
misdemeanors. Id.

 An indictment for misdemeanor tampering with a governmental record satisfies
the constitutional requirement of subject-matter jurisdiction and vests the district
court with jurisdiction when the record shows the intention to charge the felony
offense of tampering with a governmental record. Kirkpatrick v. State, Nos. PD-0873-07, PD-0874-07, 2008 WL 5234248, at *4 (Tex. Crim. App. Dec. 17, 2008). 
The record sufficiently shows an intention to charge the felony offense of tampering
with a governmental record when the penal code section is "easily ascertainable," the
indictment includes the "notation that the offense was a third-degree felony," and the
indictment is returned to the district court. See id. "[T]he complete test for the
constitutional sufficiency of a particular charging instrument . . . [is]: Can the district
court and the defendant determine, from the face of the indictment, that the
indictment intends to charge a felony or other offense for which a district court has
jurisdiction? . . . [T]he indictment, despite whatever substantive defects it contains,
must be capable of being construed as intending to charge a felony (or a misdemeanor
for which the district court has jurisdiction)." Id. at *5. Courts must "look to the
indictment as a whole, not just to its specific formal requisites." Id. at *4. In
Kirkpatrick, the court observed that Kirkpatrick "could have, and should have,
objected to the defective indictment before the day of trial" if she had any confusion
about whether the State did, or intended to, charge her with a felony. Id. at *2. Examining, as a whole, the indictment for the 2002 tampering with a
governmental record, it shows that the grand jury intended to charge the felony of
tampering with a governmental record. See id. Here, as in Kirkpatrick, "although the
indictment properly charged a misdemeanor and lacked an element necessary to charge
a felony, the felony offense exists, and the indictment's return in a felony court put
appellant on notice that the charging of the felony offense was intended." See id. 
Also, like Kirkpatrick's indictment, which on its face showed the heading "Indictment-Tampering with a Governmental Record 3rd Degree Felony," here, the face of the
indictment states, "Felony charge: Tampering with government records/felony-3." 
Further, just as Kirkpatrick did not assert a pretrial challenge to the defective
indictment, Collier never challenged whether the defective indictment belonged in
district court until she was re-indicted for the state jail felony. See id. Because the
indictment for the 2002 tampering with a governmental record shows the intention to
charge the felony offense of tampering with a governmental record, the district court
had subject-matter jurisdiction over the offense and was a court of competent
jurisdiction. See id. The trial court therefore erred by declining to allow the 2002
tampering with a governmental record indictment to toll the limitations period for the
state jail felony tampering with a governmental record. See Tex. Code Crim. Proc.
Ann. art. 12.05(b) (Vernon 2005) (allowing tolling). 

 We note that the trial court did not have the benefit of the Kirkpatrick decision
when it ruled in this case. See Kirkpatrick, 2008 WL 5234248 at *4. Although
Kirkpatrick had not yet been decided, the State asserted a similar theory that "a prior
indictment tolls the statute of limitations under Article 12.05(b) for a subsequent
indictment when both indictments allege the same conduct, same act, or same
transaction." See Hernandez v. State, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004). 
The primary dispute before the trial court was whether the holding in State v. Hall
required dismissal of the indictment. State v. Hall, 829 S.W.2d 184, 188 (Tex. Crim.
App. 1992). In Hall, the court held that the original indictment for misdemeanor
offenses that were pending in the district court were not presented in a court of
competent jurisdiction. Id. After acknowledging that section 12(b) in article five of
the Texas Constitution states that "the presentment of an indictment or information to
a court invests the court with jurisdiction of the cause," the court determined that
"[t]here is nothing in the legislative history of Article V, § 12(b), suggesting that it
was believed that that article would automatically vest subject matter jurisdiction in
any court in which an indictment was presented, thereby effectively abrogating
Chapter 4 of the Texas Code of Criminal Procedure." Id. Hall's holding, however,
appears to now be limited by Kirkpatrick's holding that allows a court to have subject
matter jurisdiction when the record evidences an intent for the misdemeanor to be a
felony and when there is no pretrial challenge to the defective indictment. Compare
id. with Kirkpatrick, 2008 WL 5234248 at *4. We conclude the State properly
preserved its appellate challenge by arguing that Hall is distinguishable and that
Hernandez allows a subsequent indictment when both indictments allege the same
conduct, same act, or same transaction. See Hall, 829 S.W.2d at 184; Hernandez, 127
S.W.3d at 770-74.Conclusion

 We reverse the trial court's order and remand the case to the trial court.





 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack, and Justices Alcala and Hanks.

Publish. Tex. R. App. P. 47.2(b).

1. See Tex. Penal Code Ann. § 37.10(c)(1) (Vernon Supp. 2008) (stating offense of
tampering with governmental record is Class A misdemeanor, unless actor's intent is
to defraud or harm another, in which case offense is state jail felony). 
2. See id.
3. The State never argued to the trial court or to us on appeal that Collier was charged
with an offense involving official misconduct.