# NO. 12-06-00378-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 145TH* |
|  | § | *JUDICIAL DISTRICT COURT OF* |
| *TENIKA BROOKS* | § | *NACOGDOCHES  COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Pursuant to Texas Rule of Appellate Procedure 50, we withdraw our opinion issued on November 17, 2010 and substitute the following opinion.  Tenika Brooks appeals from the trial court's denial of her pretrial application for writ of habeas corpus.  In one issue, Appellant contends that a previous indictment for theft did not toll the statute of limitations for the indicted offense of theft.  We affirm.

## BACKGROUND

A Nacogdoches County grand jury indicted Appellant for theft on April 28, 2000.  The indictment alleged Appellant committed a theft, in the amount of more than $20,000 but less than $100,000,[1] between July 1, 1998 and April 1, 2000.  The matter was set for trial on August 17, 2006.  That day, the State moved to amend the indictment to allege multiple thefts as a part of a continuing course of conduct instead of a single theft.  The trial court denied the motion to amend.  The State then moved to dismiss the indictment, alerting the court and Appellant that it would seek another indictment alleging theft as part of a continuing course of conduct.  Appellant objected, but the trial court granted the State's motion and dismissed the case.

---

[1] The original amount alleged was between $100,000 and $200,000.  On or about July 20, 2006, the State amended the indictment to allege these amounts.

A subsequent indictment was filed the next day alleging a theft, or thefts committed as part of a continuing course of conduct, with an aggregate amount of between $20,000 and $100,000. The subsequent indictment was returned beyond the relevant statute of limitations and would have been time barred unless the previous indictment tolled the statute. Appellant filed a pretrial application for writ of habeas corpus alleging that the first indictment did not toll the statute of limitations and that the second indictment was barred. The trial court held a hearing and denied relief. On appeal, this court held that the trial court lacked jurisdiction to consider whether the previous indictment tolled the statute of limitations. *See generally **Ex parte Brooks***, No. 12-06-00378-CR, 2007 Tex. App. LEXIS 4770 (Tex. App.–Tyler June 20, 2007) (mem. op., not designated for publication). The court of criminal appeals granted Appellant's petition for discretionary review and held Appellant did not claim "that the second indictment would be [ ] insufficient even if it did contain the tolling language."[2] ***Ex parte Brooks***, 312 S.W.3d 30, 32 (Tex. Crim. App. 2010). Instead, the court directed this court to consider Appellant's argument that the first indictment could not toll the statute of limitations for the second indictment because, Appellant argued, the indictments alleged "separate offenses that address different conduct, different acts, and different transactions . . . ." ***Id.***

## STATUTE OF LIMITATIONS

Appellant argues that the first indictment could not toll the statute of limitations for the second indictment. Therefore, she argues, the present prosecution is barred by the statute of limitations.

### Applicable Law

Prosecutions for theft as a felony must be initiated within five years of the theft. TEX. CODE CRIM. PROC. ANN. art. 12.01(4)(A) (Vernon Supp. 2010). That period of limitations is tolled for the time that an indictment is pending. *See* TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (Vernon 2005). Specifically, the statute provides that the "time during the pendency of an indictment, information or complaint shall not be computed in the period of limitation." ***Id***. This language, taken at face value, would allow any indictment to toll any other indictment, even if there was no relationship between the alleged offenses. *See **Hernandez v. State***, 127 S.W.3d

---

[2] The court refused discretionary review on the question of whether the trial court erred in dismissing the first indictment at the State's request.

768, 771-72 (Tex. Crim. App. 2004).

The court in ***Hernandez*** determined that the legislature could not have intended for any indictment to toll the statute for any other indictment. Therefore, the court determined that the statute was ambiguous and held that a prior indictment tolls the statute of limitations pursuant to article 12.05(b) when the subsequent indictment alleges the same conduct, same act, or same transaction as was alleged in the prior indictment. ***Id***. at 774. In doing so, the court considered, but rejected, a construction that would allow tolling only when the two indictments allege the same offense. ***Id***. at 772.

## Facially Barred Indictment

The indictment in this case was returned outside the statute of limitations. The second indictment could be timely only if the first indictment tolled the statute for the second indictment. That the statute was tolled would have to be pleaded in the indictment, *see **Tita v. State***, 267 S.W.3d 33, 38 (Tex. Crim. App. 2008), but that was not done in this case.

We did not understand Appellant's argument in the trial court or on direct appeal to be that she was entitled to relief because the indictment lacked tolling language. Instead, we understood her argument to be that the tolling, which we called "an anticipated tolling provision," could not be effective and that she was entitled to relief on that basis. ***Brooks***, 2007 Tex. App. LEXIS 4770 at *3 ("The second indictment, the subject of this appeal, was returned well outside the limitations period for theft and does not contain a tolling provision. Consistent with ***Smith*** and ***Tamez***, Appellant could have complained that the indictment did not contain a tolling allegation and that, on the face of the indictment, the prosecution was barred by the statute of limitations.").

In her petition for discretionary review, Appellant contended that we misunderstood her argument and that she had sought relief because the indictment lacked any tolling language. She asserted that her arguments as to whether the first indictment could toll the statute of limitations merely anticipated what she characterized in a footnote as the State's "spurious reply." The court of criminal appeals did not characterize her claim that way. Instead, the majority opinion specifically states that "Appellant did not claim that the second indictment was defective because it did not contain tolling language. . . ." ***Brooks***, 312 S.W.3d at 32. And Judge Meyers describes the argument that the indictment is facially barred for lack of tolling language as "another argument" and as something "Appellant could argue." ***Id.*** at 34 n.1 (Meyers, J., concurring).

3

Quoting from Appellant's brief before this court, the court summarized Appellant's first two points of error as being "that the second indictment was barred by the statute of limitation because aggregated theft could not be tolled by an indictment alleging 'a single theft,' because they are 'separate offenses for all purposes, including limitation[,]' arising from "different conduct, different acts, and different transactions[.]'" *Brooks*, 312 S.W.3d at 31. The court of criminal appeals concluded that this court had not considered Appellant's claim that "the first indictment charged only a single theft, which cannot toll limitations for an indictment alleging aggregated theft, regardless of the language or defects in either of the indictments, because tolling does not occur when separate offenses that address different conduct, different acts, and different transactions are alleged in a subsequent indictment." *Id.* at 32.

In sum, the court of criminal appeals, in an exhaustive recitation of Appellant's argument, did not agree with Appellant's assertion that she had argued that she was entitled to relief on the basis that the second indictment does not contain tolling language. *Id.* Instead, the court directed this court to consider the question of whether the first theft indictment could toll the statute of limitations for the aggregate theft indictment in light of the State's arguments that the indictments rest on the same evidence and same conduct. *Id.* at 32-33. We addressed this issue in our opinion on remand.

In a petition for discretionary review filed after our opinion on remand, Appellant once again asserts that this court failed to address her assertion that the indictment was defective because it does not contain tolling language. Appellant cites to an "Issues Presented" page in her brief as support for this argument.[3] In her petition, Appellant treats her first and second issues, which the court of criminal appeals treated as a single issue and which Appellant briefed together, as two independent claims. She asserts that she had argued that the indictment was barred for failure to contain any tolling language and barred because any tolling language would be ineffectual. We did not read her brief to raise the issue that the indictment is barred for failure to contain tolling language, the court of criminal appeals did not characterize her argument this way, the court of criminal appeals did not remand this case with instructions for this court to

---

[3] This cite is to Appellant's initial brief filed in this court. We did not request and Appellant did not file a supplemental brief following remand from the court of criminal appeals.

address this question, and this is not a question the trial court decided.[4]

**Analysis**

Appellant was indicted for the felony offense of theft in 2000, and she was indicted for the felony offense of theft in 2006, the day after the first indictment was dismissed. Both indictments allege that Appellant committed theft from the same person and describe the theft with the same range of value. There are two differences between the indictments. The second indictment alleges that any theft occurred within a slightly narrower range of time–two months narrower–and it alleges that there may have been multiple thefts as part of a scheme or continuing course of conduct pursuant to penal code section 31.09. *See* TEX. PENAL CODE ANN. § 31.09 (Vernon 2003) (aggregate theft).

Appellant argues that theft and aggregate theft are different offenses and that the first indictment could not and did not toll the statute for the separate offense of aggregate theft. Aggregate theft is a different offense from theft and requires additional language in the indictment.[5] *See **Thomason v. State***, 892 S.W.2d 8, 10-11 (Tex. Crim. App. 2002); ***Graves v. State***, 795 S.W.2d 185, 187 (Tex. Crim. App. App. 1990) (aggregate theft a separate offense). Therefore, Appellant's argument would be persuasive if the court of criminal appeals in ***Hernandez*** had held that an indictment can toll the statute only for the same offense. But the court in ***Hernandez*** identified that the relevant inquiry was not whether the indictments were for the same offense but whether the tolling indictment "gives adequate notice of the substance of the subsequent indictment." ***Hernandez***, 127 S.W.3d at 772.

---

[4] Because the State could simply seek another indictment to remedy the pleading issue, it appears that Appellant elected to present the higher-stakes argument that the anticipated tolling language would be ineffectual. Also, the court of criminal decision in ***Tita*** was released several years after the trial court's decision in this case. It is possible, as the court of appeals did in that case, that the parties believed that tolling language was not required to be pleaded in the indictment. We are confident that the trial court will, per ***Tita***, dismiss the indictment if the State does not replace it with an indictment that contains tolling language. ***Tita***, 267 S.W.3d at 38 ("[A]n indictment must indicate on its face that a prosecution thereunder is not barred by the applicable statute of limitations and that an indictment that does not indicate such is subject to a pretrial motion to dismiss.").

[5] The court of criminal appeals characterizes a part of the State's argument as an assertion that the first indictment did allege an aggregate theft because it alleged that the theft occurred within a range of dates. *See **Ex parte Brooks***, 312 S.W.3d at 32-33. The court's decision in ***Thomason*** neatly disposes of this contention. In ***Thomason***, the indictment charged that the theft occurred between two specific dates, and the court of criminal appeals held that the indictment charged a single theft and not an aggregate theft. ***Thomason***, 892 S.W.2d at 9, 12 ("[I]t is readily apparent that because the 'continuing course of conduct' language was not alleged, the indictment charged an offense of theft under § 31.03[,] and the State was committed to that theory of prosecution.").

On page eight of its original brief, the State asserted that both charges "rest on essentially the same evidence and the same conduct." On page five of its brief before the court of criminal appeals, the State argued that the offenses were the same, but also that both indictments allege the same conduct, same act, or same transaction.

5

The indictments here cover the same conduct, act, or transaction. The first indictment charged Appellant with a theft of between $20,000 and $100,000 that occurred sometime between July 1, 1998 and April 1, 2000. Because of the nature of our jurisprudence with respect to indictments, the amount alleged was not a formal limitation to Appellant's liability. Instead, the State could request that the jury be instructed on a lesser included offense of theft of a lesser amount. *See* **Grey v. State**, 298 S.W.3d 644, 645, 651 (Tex. Crim. App. 2009) (state may request trial court to instruct jury on lesser included offense); *see*, *e.g.*, **Kellar v. State**, 108 S.W.3d 311, 312 (Tex. Crim. App. 2003) (defendant charged with theft in the aggregate of more than $100,000, but convicted of theft of more than $20,000 but less than $100,000). Accordingly, the first indictment charged Appellant with any theft she may have committed during the relevant period of time that did not exceed $100,000.

Therefore, the difference between these indictments is that the first indictment charged Appellant with one of any of the thefts she may have committed from the named individual (with the upward bound of $100,000), and the second indictment charged her with every theft she committed from that person pursuant to a scheme or continuing course of conduct. Accordingly, Appellant was on notice that she could be held accountable for conduct, specifically any thefts she committed, but it was not until the second indictment was returned that she was on notice as to the theory the State would employ to seek a specific range of punishment. In this way, this case is roughly analogous to the court's decision in **Hernandez**. In that case, the defendant was indicted for the offense of possession of amphetamine. **Hernandez**, 127 S.W.3d at 769. It was not until years later that the State obtained an indictment charging the defendant with possession of methamphetamine. *Id*. The court held that the first indictment tolled the second because they both charged the appellant with the same conduct and both charges rested upon essentially the same proof, namely that the defendant possessed the controlled substance. *Id.* at 774. In that case, as here, the defendant was on notice from the first indictment as to what he had to defend against, an accusation of possession of the substance the police recovered from his person in **Hernandez** and an accusation of theft in this case. It was not until the second indictment in each case that the defendant was made aware of the specific mechanism the State would employ at trial.

There are differences between this case and **Hernandez**. For one, the range of punishment did not change in that case. We have no details of the alleged offense in this case,

6

but if the State's proof at trial is that Appellant stole one thousand dollars on twenty-one occasions, the first indictment would have put Appellant at risk of conviction for a low level offense, one of those thefts, and the second indictment would put her at risk of a much more serious offense, the aggregate amount of those thefts. *See* TEX. PENAL CODE ANN. § 31.03 (Vernon Supp. 2010) (theft of less than $1,500 is misdemeanor and theft of more than $20,000 is second degree or higher felony). If, on the other hand, the State's proof at trial is that Appellant stole $21,000 on three occasions, the range of punishment would not be different.

In the ***Hernandez*** decision, the court cited federal decisions in an effort to construe article 12.05. *See **Hernandez***, 127 S.W.3d at 773. The court noted that a subsequent indictment is barred by the statute of limitations if it "broadens or substantially amends the charges in the original indictment." ***Id***. It is unclear if the court was adopting this language or citing persuasive authority. This language is not taken from the relevant federal statute, 18 United States Code Section 3288, but it does appear in several federal decisions cited by the court of criminal appeals. *See*, *e.g.*, ***United States v. Davis***, 953 F.2d 1482, 1491 (10th Cir. 1992); ***United States v. Gengo***, 808 F.2d 1, 3 (2d Cir. 1986); ***United States v. Grady***, 544 F.2d 598, 602 (2d Cir. 1976).

Though Appellant does not make this argument specifically, there is an argument that the second indictment is broader than the first because Appellant could be subject to more liability under the second indictment than she would have been under the first indictment. However, we do not understand the court's decision in ***Hernandez*** to disallow tolling in this situation. The court held that, based on its review of the public policy implications, the proper interpretation of article 12.05 was to allow an indictment to toll the statute of limitations for a subsequent indictment where there was notice to the defendant of the alleged conduct, act, or transaction. ***Hernandez***, 127 S.W.3d at 774; *see also **Ex parte Smith***, 178 S.W.3d 797, 805 (Tex. Crim. App. 2005) (deficiencies in tolling allegation not ripe for interlocutory appeal because appellant "had full knowledge of the existence and content of the prior indictment which tolled the [statute of limitations]"). This is to effectuate the purpose of a statute of limitations, which is "to protect the accused from having to defend against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." ***Hernandez***, 127 S.W.3d at 772 (citing ***Toussie v. United States***, 397 U.S. 112, 114-15, 25 L. Ed. 2d 156, 161, 90 S. Ct. 858 (1970)). In construing the federal

7

standard, courts have held that an inquiry into whether a subsequent indictment "broadens" or amends the original charges, courts should "consider whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence." *See*, *e.g.*, *United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003) (citing *United States v. Ben Zvi*, 168 F.3d 49, 55 (2d Cir. 1999)).

Nevertheless, as the court in *Salmonese* noted "the 'touchstone' of our analysis is notice, i.e., whether the original indictment fairly alerted the defendant to the subsequent charges against him and the time period at issue." *Salmonese*, 353 F.3d at 622; *see also* *Hernandez*, 127 S.W.3d at 772, 774; *c.f.* *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 779 (9th Cir. 1986) (potential for greater penalty does not render charges in superseding indictment broader than those in original indictment). As applied to this case, the statutes are different, though similar, the elements and evidence are the same, but Appellant is exposed to a potentially greater sentence.[6]

In an analogous case, the First District Court of Appeals held that a misdemeanor indictment could toll the statute of limitations for a subsequent indictment for a felony. *See* *State v. Collier*, 285 S.W.3d 133, 136-37 (Tex. App.–Houston [1st Dist] 2009, no pet.); *c.f.* *Loredo v. State*, No. 12-06-00287-CR, 2007 Tex. App. LEXIS 6703, at *5 (Tex. App.–Tyler Aug. 22, 2007, no pet.) (mem. op., not designated for publication) (murder indictment tolls statute of limitations for subsequent aggravated assault indictment). The principal issue in the *Collier* case was whether the misdemeanor indictment was filed in the proper court and whether it had any tolling effect. *See* *Collier*, 285 S.W.3d at 135. Nevertheless, the court held that an indictment for a lesser offense can toll the indictment for a greater, in part because the defendant had notice of the intended charge. *Id*. at 136-37. By contrast, in *Ex parte Martin*, 159 S.W.3d 262, 265 (Tex. App.–Beaumont 2005, pet. ref'd), the court held that an aggravated robbery indictment did not toll the statute of limitations for the offense of bail jumping because the two indictments did not share a factual basis.

In sum, the court of criminal appeals has held courts are to read the tolling in light of the rationale for statutes of limitations, which is that defendants not be haled into court to defend

---

[6] As we stated earlier, Appellant is exposed to a greater sentence in this case only if the State could not prove a single theft that would make the offense a second degree felony without aggregating the amounts of the thefts.

against charges for which the facts are obscured by the passage of time.[7] Such a consideration is, or can be, alleviated when the person has been under indictment for the same conduct, act, or transaction. As the court noted, "[i]f the defendant has adequate notice of a charge, [s]he can preserve those facts that are essential to [her] defense." *Hernandez*, 127 S.W.3d at 772; *compare* **State v. Jennings**, 928 A.2d 541, 547 (Conn. App. Ct. 2007) (addition of second stalking charge outside of period of limitations barred because it exposed defendant to potentially greater sentence) *with* **State v. Kiley**, No. 07-CR-050231275, 2007 Conn. Super. LEXIS 2773, at *13 (Conn. Super. Ct. Oct. 24, 2007) (mem. op., not designated for publication) (possibility of greater sentence not dispositive when defendant had notice of conduct charged in out of time information).

In this case, the two indictments do share a factual basis, and Appellant was on notice to preserve any facts or defenses available to her for any thefts she committed against the individual named in the indictment. The redrawing of the indictment to allege the aggregate of the amount she allegedly stole from that individual does not present a situation where any particular fact or alleged theft will be used against her that could not have been used had the State proceeded to trial on the initial indictment. For the reasons stated above, we hold that the first indictment in this case can toll the second indictment. We overrule Appellant's sole remaining issue.

### DISPOSITION

Having overruled Appellant's sole issue, the judgment is ***affirmed***.

**BRIAN HOYLE**
Justice

Opinion delivered January 19, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[7] The trial court's application of article 12.05 in this case does not lead to an absurd result, nor does it place Appellant in a situation where she must defend against charges of which she had no notice. *See* **Hernandez**, 127 S.W.3d at 772 ("If we were to read 'an indictment' to mean *any* indictment for *any* unrelated offense, then a person could be continually indicted for any offense that the State felt inclined to charge once an initial indictment was filed.").