

# NUMBER 13-17-00351-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE NOE DE JESUS PUGA

On appeal from the 138th District Court
of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant Noe De Jesus Puga appeals the trial court's order denying his application for pretrial writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West, Westlaw through 2017 1st C.S.). By two issues, appellant argues that his prosecution for three counts of tampering with a government record, *see* TEX. PENAL CODE ANN. § 37.10 (West, Westlaw through 2017 1st C.S.), is barred by the statute of limitations because: (1) the State's amended indictment alleges different conduct than the preceding indictments; and (2) the State should not have been granted leave to amend

the indictment to include tolling language.   We affirm.

## I.    BACKGROUND

On December 16, 2015, a grand jury returned a thirteen-count indictment charging appellant with six counts of forgery of a government record, six counts of tampering with a government record, and one count of theft by a public servant.   The case was filed as trial court cause number 2015-DCR-2402.   On October 18, 2016, the trial court entered an order granting the State's motion to amend the indictment.   The amended indictment reflected changes to the six tampering counts to allege with more specificity the government record that was altered.   Appellant filed a motion to dismiss five counts because they were barred by the statute of limitations.   The State agreed as to three of the counts and voluntarily dismissed counts II, IV, and VI.

On April 18, 2017, the trial court granted the State's motion to dismiss cause number 2015-DCR-2402 because a new indictment, the third indictment, was issued on April 12, 2017 in trial court cause number 2017-DCR-862.   The third indictment alleged three counts of tampering with a government record and one count of theft by a public servant.

Appellant filed an application for a pretrial writ of habeas corpus arguing that counts I–III of the third indictment were barred by limitations.   Appellant maintained that the earlier indictments did not toll the statute of limitations because each alleged different types of conduct.   Appellant further argued that the third indictment failed to include a tolling paragraph, which he maintained was an irreparable pleading defect.

2

The State moved to amend the third indictment to include a tolling paragraph, which the trial court granted by written order on June 13, 2017. The fourth indictment is identical to the third indictment except for the addition of a tolling paragraph for each count. Thereafter, the trial court denied appellant's application for writ of habeas corpus. This interlocutory appeal ensued. *See Ex parte Smith*, 178 S.W.3d 797, 301 (Tex. Crim. App. 2005) ("The denial of relief on a pretrial writ of habeas corpus may be appealed immediately[.]").

## II.    DISCUSSION

### A.    Standard of Review and Applicable Law

We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting this review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Washington*, 326 S.W.3d at 704.

Generally, pretrial habeas relief is not appropriate to test the sufficiency of the complaint, information, or indictment. *Ex parte Tamez*, 38 S.W.3d 159, 160–61 (Tex. Crim. App. 2001). An exception applies when prosecution of the offense is barred by the statute of limitations because "the defect is incurable and irreparable." *Ex parte Smith*, 178 S.W.3d at 802. "[I]f the pleading, on its face, shows that the offense is barred by limitations, the complaint, information, or indictment is so fundamentally defective that the trial court does not have jurisdiction and habeas corpus relief should be granted." *Ex parte Dickerson*, 549 S.W.2d 202, 203 (Tex. Crim. App. 1977); *accord Ex parte Smith*,

3

178 S.W.3d at 801–02.

Under Article 12.05(b) of the Texas Code of Criminal Procedure, "[t]he time during the pendency of an indictment . . . shall not be computed in the period of limitation." TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (West, Westlaw through 2017 1st C.S.). "[A] prior indictment tolls the statute of limitations under Article 12.05(b) for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction." *Hernandez v. State*, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004); *see Ahmad v. State*, 295 S.W.3d 731, 741 (Tex. App.—Fort Worth 2009, pet. ref'd). If one charging instrument has been superseded by another, the latter, if filed after the limitations period, must plead tolling facts, so that the indictment will indicate on its face that a prosecution thereunder is not barred by the applicable statute of limitations. *Tita v. State*, 267 S.W.3d 33, 37–38 (Tex. Crim. App. 2008).

## B.   Analysis

The statute of limitations for tampering with a government record is three years. *See* TEX. CODE. CRIM. PROC. ANN. art. 12.01(7) (West, Westlaw through 2017 1st C.S.); *State v. Collier*, 285 S.W.3d 133, 135 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The State's fourth indictment was filed outside of the limitations period for the three tampering counts. In his two issues, appellant presents separate arguments concerning why the State's earlier indictments did not toll the limitations period. We will address each argument in turn.

### 1.   Same Conduct, Act, or Transaction

By his first issue, appellant argues that counts I–III do not allege the same conduct,

4

act, or transaction as the preceding indictments. The counts in question each allege that appellant tampered with a government record in a specific manner on a specific date. As illustrated below, the date and manner of the offenses alleged in the fourth indictment are consistent with the conduct alleged in the preceding indictments.

Count I alleges that, on or about March 12, 2013, appellant tampered with a zoning application by listing Juan Jose Barrientes as the applicant and owner of certain property and Javier Jimenez as the representative agent, and that he did so with the intent to defraud or harm the City of Brownsville. Each prior indictment contemplated that appellant, on the same date, either forged or tampered with a government record[1] by listing Juan Jose Barrientes as the owner of certain property, and that he did so with the intent to defraud or harm the City of Brownsville.

Count II alleges that, on or about April 20, 2013, appellant tampered with a specific use application by listing Southern Counties Investment Group (SCIG) as the applicant and owner of certain property and Tony Menchaca as the representative agent, and that he did so with the intent to defraud or harm the City of Brownsville. Each prior indictment contemplated that appellant, on the same date, either forged or tampered with a government record by listing SCIG and Tony Menchaca as the owner of certain property,

---

[1] With respect to counts I and III, we note that the first and second indictments used the phrase "specific use form" or "specific use permit" instead of "zoning application." We take judicial notice of the City of Brownsville's Zoning Ordinance, which is available through the City's official website. *See* TEX. R. EVID. 204(a), (b)(1) (a court make take judicial notice of municipal ordinances on its own); *Amarillo v. R.R. Comm'n of Tex.*, 511 S.W.3d 787, 794 (Tex. App.—El Paso 2016, no pet.) (taking notice of city ordinances). The Zoning Ordinance defines a specific or conditional use as "those uses generally compatible with the land uses permitted by right in a zoning district, but that require individual review of their location, design and configuration; imposition of conditions to ensure the appropriateness of the use . . . ; and compliance with the area district requirements[.]" CITY OF BROWNSVILLE, TEX., CODE OF ORDINANCES § 348-1412 (2018), *available at* https://library.municode.com/tx/brownsville/codes/code_of_ordinances (last visited January 3, 2019). A "specific use permit" is required for all conditional uses as established elsewhere in the municipal code. *Id*.

and that he did so with the intent to defraud or harm the City of Brownsville.

Count III alleges that, on or about October 31, 2013, appellant tampered with a zoning application by listing Antonio Muraira as the applicant and owner of certain property and Vilateral Solutions as the representative agent, and that he did so with the intent to defraud or harm the City of Brownsville. Each prior indictment contemplated that appellant, on the same date alleged in the live indictment, either forged or tampered with a government record by listing Antonio Muraira as the owner of certain property, and that he did so with the intent to defraud or harm the City of Brownsville.

One of the purposes of statutes of limitation is to protect the accused from having to defend themselves against charges when the basic facts may have become obscured by the passage of time. *Hernandez*, 127 S.W.3d at 772. Allowing a prior indictment to toll the statute of limitations does not defeat this purpose if the prior indictment gives adequate notice of the substance of the subsequent indictment. *Id*. In this case, each prior charging instrument contemplated appellant altering a government record on the same date and in the same manner alleged in the live indictment. We conclude that the preceding indictments involved the same conduct and thus provided adequate notice of the substance of the current tampering charges. Therefore, the indictments tolled the statute of limitations under article 12.05(b) of the code of criminal procedure. *See id*. at 774 (holding that a prior indictment alleging possession of amphetamine arose from the same conduct as a subsequent indictment alleging a similar offense when both indictments referred to a controlled substance found on the defendant's person on a particular date); *Ahmad*, 295 S.W.3d at 742 (holding that an indictment alleging that the

6

defendant buried a World War II training bomb arose from same conduct as a subsequent indictment alleging that the defendant made a false report about a bomb and possessed a hoax bomb on the same date).   We overrule appellant's first issue.

### 2.   Tolling Language

By his second issue, appellant argues that the State's failure to include tolling language in its second and third indictments was an irreparable defect that could not be cured by the State's later amendment.

As noted above, only if the pleading, on its face, shows that the offense charged is barred by limitations, is it appropriate that habeas corpus relief be granted.   *See Ex parte Dickerson*, 549 S.W.2d at 203.   Here, the live indictment contains appropriate tolling language referencing the timely filed first indictment.   *See Tita*, 267 S.W.3d at 37–38.   For tolling purposes, it makes no difference whether the preceding indictments are faulty or valid.   *See Ahmad*, 295 S.W.3d at 740.   Consequently, a defective charging instrument will toll limitations under article 12.05(b) for a subsequent indictment as long as the indictments allege the same conduct, act, or transaction, an issue which we have already decided in the State's favor.   *See Hernandez*, 127 S.W.3d at 774; *see also Tita*, 267 S.W.3d at 38 n.6 (observing that a prosecution may continue even after a motion to dismiss is granted if the State thereafter amends the indictment to add the required tolling language); *State v. Alvear*, No. 10-16-00203-CR, 2018 WL 4016337, at *4 (Tex. App.—Waco Aug. 22, 2018, pet. ref'd) (mem. op., not designated for publication) ("If a motion to quash or set aside a charging instrument is sustained, the State may still initiate new proceedings so long as the statute of limitations has not run.").

7

The live pleading on its face does not demonstrate that appellant's prosecution is barred by limitations. Therefore, appellant is not entitled to habeas corpus relief on the basis of the purported defects in the preceding indictments. *See Ex parte Dickerson*, 549 S.W.2d at 203. We overrule appellant's second issue.

### III. Conclusion

We affirm the trial court's order denying appellant's application for a pretrial writ of habeas corpus.

LETICIA HINOJOSA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
31st day of January, 2019.