

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1323-08

### CHRISTOPHER GARFIAS, Appellant

**v.**

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS TARRANT COUNTY

**PER CURIAM. MEYERS, J., not participating.**

### O P I N I O N

In a two-count indictment, the appellant was charged with aggravated robbery and aggravated assault, both offenses alleged to have been perpetrated upon one Shahid Shahid on March 1, 2006. After a trial before the jury, the trial court authorized the jury to convict the appellant of both offenses, which it did. The trial court entered judgment accordingly, sentencing the appellant to sixty years in the penitentiary for the aggravated robbery offense and a life term plus a $10,000 fine for the aggravated assault offense. For the first time on appeal, the appellant argued that his conviction and punishment for both offenses violated

the constitutional prohibition against being twice placed in jeopardy for the same offense.

An appellant may raise a claim of double jeopardy for the first time on appeal only "when the undisputed facts show that the double-jeopardy violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default serves no legitimate state interests."[1] In an unpublished opinion, applying the *Gonzalez* standard, the Second Court of Appeals held that the appellant forfeited his double-jeopardy claim by failing to raise it in the trial court.[2] In doing so, however, the court of appeals conducted its analysis for legislative intent solely under the presumptive test of *Blockburger v. United States*,[3] and held that a double-jeopardy violation was not clearly apparent from the face of the record in this case because each of the offenses that the appellant was indicted for contained an element not contained in the other. We granted the appellant's petition for discretionary review in order to address whether the court of appeals erred when it limited its analysis to the *Blockburger* test in deciding whether a double-jeopardy violation was clearly apparent for purposes of preserving error under *Gonzalez*. We will vacate the judgment of the court of appeals and remand the cause for further proceedings.

In the course of conducting only a *Blockburger* analysis, the court of appeals noted

---

[1] *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

[2] *Garfias v. State*, No. 2-06-398-CR, 2008 WL 2404268 (Tex. App.—Fort Worth, delivered June 12, 2008) (not designated for publication).

[3] 284 U.S. 299 (1932).

that the aggravating element of robbery that was pled in the indictment was that the appellant

"threatened or placed" his victim "in fear of imminent bodily injury or death,"[4] while the

aggravating element alleged for the assault was that the appellant actually "caused bodily

injury."[5]  From this circumstance, the court of appeals reasoned:

> Because each offense required proof of an element the other did not, the record does not affirmatively show that either offense is subsumed within the other. Therefore, a double jeopardy violation does not clearly appear on the face of the record, and we cannot address appellant's complaints further.[6]

While we do not disagree with the court of appeals's *Blockburger* analysis, we disagree that

such an analysis sufficiently answers whether a double-jeopardy violation is clear from the

face of the record for purposes of error preservation under *Gonzalez*.

In another *Gonzales* case (different spelling), we recently explained:

> The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused against a second prosecution for the same offense for which he has been previously acquitted or previously convicted.  It also protects him from being punished more than once for the same offense in a single prosecution.  Sameness in this latter context is purely a matter of legislative intent.  With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.  The traditional indicium of that legislative intent is the so-called same elements test of *Blockburger v. United States*.  According to that test, it should be presumed that the Legislature did not regard two

---

[4] *Garfias v. State*, *supra*, at *2.

[5] *Id*.

[6] *Id*.

statutorily defined offenses to be the same so long as each provision requires proof of a fact which the other does not. However, for purposes of multiple-punishment analysis, the *Blockburger* test is only a tool of statutory construction—and not even an exclusive one. An accused may be punished for two offenses even though they would be regarded as the same under a *Blockburger* analysis if the Legislature has otherwise made manifest its intention that he should be.

In *Ex parte Ervin*, we recognized that [t]he *Blockburger* test's status as a mere rule of statutory construction raises an inverse conclusion as well: the *Blockburger* test cannot authorize two punishments where the legislature clearly intended only one. Thus, even if a straightforward application of the *Blockburger* test would suggest that two offenses are not the same for double jeopardy purposes, if other indicia manifest a legislative intent that an accused not be punished for both offenses if they occur in the course of a single transaction, then an accused may not be punished for both offenses even if both convictions result from a single trial. *Ervin* provided a non-exclusive catalog of considerations to help courts determine legislative intent in this context:

> whether the offenses['] provisions are contained within the same statutory section, whether the offenses are phrased in the alternative, whether the offenses are named similarly, whether the offenses have common punishment ranges, whether the offenses have a common focus (i.e. whether the "gravamen" of the offense is the same) and whether that common focus tends to indicate a single instance of conduct, . . . and whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes.[7]

Whether or not a double-jeopardy violation is clearly apparent on the face of the record is, therefore, not simply a function of a *Blockburger* analysis. The court of appeals should have examined other indicia of legislative intent as well.

---

[7] *Gonzales v. State*, 304 S.W.3d 838, 845-46 (Tex. Crim. App. 2010) (internal quotations, citations and footnotes omitted).

We will not conduct that more thorough analysis of legislative intent for the first time in a petition for discretionary review.[8] Instead, we vacate the judgment of the court of appeals and remand the cause to that court for further consideration and also for additional briefing from the parties if the court of appeals should find that useful.

DELIVERED:     June 29, 2011
DO NOT PUBLISH

---

[8] *See, e.g.*, *Benavidez v. State*, 323 S.W.3d 179, 183 & n.20 (Tex. Crim. App. 2010) (in its discretionary review capacity, this Court reviews "decisions" of the courts of appeals, and an issue that lower court did not pass upon is not ordinarily ripe for our review); *Ex parte Brooks*, 312 S.W.3d 30, 33 (Tex. Crim. App. 2010) (same); *Smith v. State*, 309 S.W.3d 10, 19 (Tex. Crim. App. 2010) (same); *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007) (same); *Lee v. State*, 791 S.W.2d 141, 142 (Tex. Crim. App. 1990) (same).