**Ex parte Tenika BROOKS, Appellant.**

**No. PD–1046–07.**

Court of Criminal Appeals of Texas.

June 9, 2010.

Matt Hennessy, Houston, for Appellant.

Lakesha Robinson, Asst. Dist. Atty., Nacogdoches, Jeffrey L. Van Horn, State's Atty., Austin, for State.

### OPINION

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

In April of 2000, appellant was indicted for a theft of $100,000 or more but less than $200,000 that was alleged to have occurred "between 7-1-98 through 4-1-2000." That indictment was subsequently amended to change the alleged value to $20,000 or more but less than $100,000. After numerous delays, trial was set for August 17, 2006. On the day of trial, the state moved the trial court to amend the indictment to include language required by the penal code when charging aggregated theft.[1] After the trial court denied the motion, the state moved to dismiss the indictment so that it might cure the indictment's defect. Over appellant's objection, the trial court granted the motion to dismiss.

The following day, the state re-indicted appellant and included specific language alleging aggregated theft. The new indictment alleged theft "pursuant to one scheme or continuing course of conduct that began on or about September 1, 1998, and continued until on or about April 1, 2000," but it did not contain any allegation that the statute of limitations had been tolled by the previous indictment. Appellant, claiming that prosecution on the new indictment was barred by the five-year statute of limitations for felony theft, filed a pretrial application for writ of habeas corpus with the trial court. Appellant also argued that the trial court erred in dismissing the first indictment as against "the public interest." The trial court held a hearing to determine the disposition of the application. During the hearing, appellant acknowledged that the limitations could be tolled by a previously pending indictment if both indictments alleged the same conduct, act, or transaction, but she asserted that the first indictment had alleged a single act of theft, not an aggregated one, and argued that a single theft was not the same conduct, act, or transaction as aggregated theft. At the conclusion of the hearing, the trial court took the matter under advisement and a few days later issued a written order denying relief. Thereafter appellant appealed.

Appellant's pleadings and arguments in the court of appeals mirrored her pleadings and arguments in the trial court. Appellant argued in her first two points of error that the second indictment was barred by the statute of limitations because aggregated theft could not be tolled by an indictment alleging "a single theft," because they are "separate offenses for all purposes, including limitations[,]" arising from "different conduct, different acts, and different transactions[.]" (Appellant's

---

1. TEX. PENAL CODE § 31.09 provides: "When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense."

brief before the court of appeals, p. 11.) She argued that theft and aggregated theft "are separate offenses, addressed to different conduct[, and t]he preceding indictment which alleged a single theft did not toll the limitations period for aggregate[d] theft alleged in the instant indictment." (Appellant's brief before the court of appeals, p. 8.)

The court of appeals, however, characterized appellant's claim as a challenge to the sufficiency of the state's anticipated tolling argument and analyzed appellant's claim under this challenge. *Ex parte Brooks*, 219 S.W.3d 396, (Tex.App.-Tyler 2007). The court of appeals held that appellant's claim (as characterized by the court of appeals) was governed by *Ex parte Smith*, 178 S.W.3d 797 (Tex.Crim. App.2005),[2] and it was therefore unable to address the merits of appellant's "interlocutory appeal claim concerning the sufficiency of the tolling allegation." Accordingly, the court of appeals dismissed appellant's first two points of error for want of jurisdiction.[3] As to appellant's claim that the trial court erred in dismissing the state's first indictment, the court of appeals held that the trial court, thus necessarily the court of appeals, lacked jurisdiction to review such a claim via a writ of habeas corpus. *Ex parte Brooks*, 219 S.W.3d at 399.

■ Appellant filed a petition for discretionary review with this court. We granted appellant's first ground for review, which asks whether the court of appeals mischaracterized appellant's challenge to the new indictment. We refused review of appellant's second ground for review challenging the court of appeals's holding that it and the trial court lacked jurisdiction to review the first indictment's dismissal under a writ of habeas corpus.

We agree with appellant that the court of appeals misunderstood her claim. Appellant did not claim that the second indictment was defective because it did not contain tolling language, nor did appellant argue that the indictment would still be insufficient even if it did contain tolling language. Appellant contended that the first indictment charged only a single theft, which cannot toll limitations for an indictment alleging aggregated theft, regardless of the language or defects in either of the indictments, because tolling does not occur when separate offenses that address different conduct, different acts, and different transactions are alleged in a subsequent indictment. (Appellant's brief in the court of appeals, p. 11.)

The state counters that the original indictment did charge aggregated theft because it stated that the theft took place "between 7–1–98 through 4–1–2000" instead of the language used to allege an individual theft-"on or about" a date. Although the indictment did not include the language from Section 31.09, the state asserts that the individual thefts were committed pursuant to a continuing scheme or course of conduct; both indictments charged appellant with aggregated theft

---

2. "A defendant may challenge an indictment that, on its face, is barred by the statute of limitations by way of a pretrial application for writ of habeas corpus.... If, on the other hand, an indictment alleges that the statute of limitations is tolled, the sufficiency of that tolling allegation may not be challenged by a pretrial writ of habeas corpus." *Ex parte Brooks* at —— (citing *Ex parte Smith*, 178 S.W.3d at 803) (citations omitted).

3. While the court of appeals used the language "for want of jurisdiction" in dismissing appellant's first two points of error, more appropriate terminology might be "for want of a cognizable claim." *See Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex.Crim.App. 1998).

and rest on the same evidence and same conduct. (State's brief in the Court of Criminal Appeals, p. 5) The court of appeals neither addressed these arguments nor decided the stated issues.

■ The discretionary review power of this court permits review only of decisions by the lower courts. The court of appeals failed to decide the claim appellant raised in that court, and we cannot review a decision that has not been made. *Stringer v. State,* 241 S.W.3d 52, 59 (Tex.Crim.App. 2007). Accordingly, we sustain appellant's ground for review, reverse the judgment of the court of appeals, and remand this cause to that court for further proceedings consistent with this opinion.

MEYERS, J., filed a concurring opinion.

MEYERS, J., concurring.

The ground for review granted by this Court asked whether the court of appeals mischaracterized Appellant's issue as a challenge to an un-pled tolling provision rather than as a thorough challenge to the timeliness of the instant indictment. I agree with the majority that the court of appeals misconstrued Appellant's argument. The issue is complex, and controlling case law has recently evolved on this subject. I hope that this concurrence is instructive to the court of appeals upon remand.

A prosecution for theft or aggregate theft must be brought within five years from the date of the commission. CODE CRIM. PROC. ANN. art. 12.01(4)(A). In Appellant's case, the statute of limitations ran from April 1, 2000, to April 1, 2005. A

period of limitations may be tolled for two reasons; the limitation period will not include 1) the time that a defendant is absent from the state, or 2) the time that another indictment is pending. CODE CRIM. PROC. ANN. art. 12.05. The second tolling circumstance—a pending .indictment—will toll the statute of limitations only if the subsequent indictment alleges the same conduct, same act, or same transaction.[1] *Hernandez v. State,* 127 S.W.3d 768 (Tex. Crim.App.2004).

Using our opinion in *Ex parte Smith,* 178 S.W.3d 797 (Tex.Crim.App.2005), the court of appeals concluded that "Appellant's complaint about the sufficiency of the anticipated tolling provision [was] not the proper subject of a pretrial application for habeas corpus." *Ex parte Brooks,* 219 S.W.3d 396 (Tex.App.-Tyler 2007, pet. granted). The court of appeals explained that while facially barred indictments are a "proper subject of a pretrial application for habeas corpus," reparable indictments (such as Appellant's) are not. *Id.*

The problem with this reasoning is that it places Appellant's indictment in the wrong category; Appellant's indictment is facially barred, and is therefore a proper subject for a writ of habeas corpus. In a case recently decided by this Court, we stated that if the State relies upon the pendency of an indictment to toll the statute of limitations, it must so plead. *Tita,* 267 S.W.3d at 37–38. We derived this requirement from Article 21.02(6) of the Code of Criminal Procedure, which states, "The time mentioned must be some date

---

1. Appellant raised this as an issue to the court of appeals, arguing that because the indictments charged different offenses, "[t]he preceding indictment did not toll the limitations period for the separate offense and different conduct alleged in the instant indictment." This Court's opinion in *Tita v. State,* 267

S.W.3d 33, 37–38 (Tex.Crim.App.2008), offers another argument in Appellant's favor. Under *Tita,* Appellant could argue that the indictment violated Article 21.02(6) by not indicating on its face that the prosecution was not barred by the applicable statute of limitations. *Id.*

anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation." CODE CRIM. PROC. ANN. art. 21.02(6).

Here, the absence of a tolling paragraph makes the indictment facially invalid. A claim that the indictment is facially invalid raises an issue that, if meritorious, would bar prosecution or conviction, and therefore a pretrial writ is proper in this situation. Based on Appellant's indictment, it is clear that she was charged with an offense for which the statute of limitations had run. Therefore, I would conclude that Appellant is entitled to habeas corpus relief.