MARY'S OPINION HEADING 








NO. 12-06-00378-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

                                                                        §          APPEAL
FROM THE 145TH 

EX PARTE:

                                                                        §          JUDICIAL
DISTRICT COURT OF

TENIKA BROOKS

                                                                        §          NACOGDOCHES
 COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

Pursuant
to Texas Rule of Appellate Procedure 50, we withdraw our opinion issued on November
17, 2010 and substitute the following opinion.  Tenika Brooks appeals from the
trial court’s denial of her pretrial application for writ of habeas corpus.  In
one issue, Appellant contends that a previous indictment for theft did not toll
the statute of limitations for the indicted offense of theft.  We affirm.

 

Background

 

A
Nacogdoches County grand jury indicted Appellant for theft on April 28, 2000. 
The indictment alleged Appellant committed a theft, in the amount of more than
$20,000 but less than $100,000,[1] between July 1,
1998 and April 1, 2000.  The matter was set for trial on August 17, 2006.  That
day, the State moved to amend the indictment to allege multiple thefts as a
part of a continuing course of conduct instead of a single theft.  The trial
court denied the motion to amend.  The State then moved to dismiss the
indictment, alerting the court and Appellant that it would seek another
indictment alleging theft as part of a continuing course of conduct.  Appellant
objected, but the trial court granted the State’s motion and dismissed the
case. 

A
subsequent indictment was filed the next day alleging a theft, or thefts
committed as part of a continuing course of conduct, with an aggregate amount
of between $20,000 and $100,000.  The subsequent indictment was returned beyond
the relevant statute of limitations and would have been time barred unless the
previous indictment tolled the statute.  Appellant filed a pretrial application
for writ of habeas corpus alleging that the first indictment did not toll the
statute of limitations and that the second indictment was barred.  The trial
court held a hearing and denied relief.  On appeal, this court held that the
trial court lacked jurisdiction to consider whether the previous indictment
tolled the statute of limitations.  See generally Ex parte Brooks,
No. 12-06-00378-CR, 2007 Tex. App. LEXIS 4770 (Tex. App.–Tyler June 20, 2007)
(mem. op., not designated for publication).  The court of criminal appeals
granted Appellant’s petition for discretionary review and held Appellant did
not claim “that the second indictment would be [ ] insufficient even if it
did contain the tolling language.”[2]  Ex parte Brooks, 312
S.W.3d 30, 32 (Tex. Crim. App. 2010). 
Instead,
the court directed this court to consider Appellant’s argument that the first
indictment could not toll the statute of limitations for the second indictment
because, Appellant argued, the indictments alleged “separate offenses that
address different conduct, different acts, and different transactions . . . .” 
Id.


 

Statute of Limitations

Appellant
argues that the first indictment could not toll the statute of limitations for
the second indictment.  Therefore, she argues, the present prosecution is
barred by the statute of limitations.

Applicable
Law

Prosecutions
for theft as a felony must be initiated within five years of the theft.  Tex. Code Crim. Proc. Ann. art.
12.01(4)(A) (Vernon Supp. 2010).  That period of limitations is tolled for the
time that an indictment is pending.  See Tex. Code Crim. Proc. Ann. art. 12.05(b) (Vernon 2005). 
Specifically, the statute provides that the “time during the pendency of an
indictment, information or complaint shall not be computed in the period of
limitation.”  Id.  This language, taken at face value, would
allow any indictment to toll any other indictment, even if there was no
relationship between the alleged offenses.  See Hernandez v. State,
127 S.W.3d 768, 771-72 (Tex. Crim. App. 2004).  

The
court in Hernandez determined that the legislature could not have
intended for any indictment to toll the statute for any other indictment. 
Therefore, the court determined that the statute was ambiguous and held that a
prior indictment tolls the statute of limitations pursuant to article 12.05(b)
when the subsequent indictment alleges the same conduct, same act, or same
transaction as was alleged in the prior indictment.  Id. at 774. 
In doing so, the court considered, but rejected, a construction that would
allow tolling only when the two indictments allege the same offense.  Id.
at 772.

Facially Barred
Indictment

            The
indictment in this case was returned outside the statute of limitations.  The
second indictment could be timely only if the first indictment tolled the
statute for the second indictment.  That the statute was tolled would have to
be pleaded in the indictment, see Tita v. State, 267 S.W.3d 33,
38 (Tex. Crim. App. 2008), but that was not done in this case.

            We
did not understand Appellant’s argument in the trial court or on direct appeal
to be that she was entitled to relief because the indictment lacked tolling
language.  Instead, we understood her argument to be that the tolling, which we
called “an anticipated tolling provision,” could not be effective and that she
was entitled to relief on that basis.  Brooks, 2007 Tex. App.
LEXIS 4770 at *3 (“The second indictment, the subject of this appeal, was
returned well outside the limitations period for theft and does not contain a
tolling provision.  Consistent with Smith and Tamez,
Appellant could have complained that the indictment did not contain a tolling
allegation and that, on the face of the indictment, the prosecution was barred
by the statute of limitations.”).

            In
her petition for discretionary review, Appellant contended that we
misunderstood her argument and that she had sought relief because the
indictment lacked any tolling language.  She asserted that her arguments as to
whether the first indictment could toll the statute of limitations merely
anticipated what she characterized in a footnote as the State’s “spurious
reply.”  The court of criminal appeals did not characterize her claim that
way.  Instead, the majority opinion specifically states that “Appellant did not
claim that the second indictment was defective because it did not contain
tolling language. . . .”  Brooks, 312 S.W.3d at 32.  And Judge
Meyers describes the argument that the indictment is facially barred for lack
of tolling language as “another argument” and as something “Appellant could
argue.”  Id. at 34 n.1 (Meyers, J., concurring).  Quoting from
Appellant’s brief before this court, the court summarized Appellant’s first two
points of error as being “that the second indictment was barred by the statute
of limitation because aggregated theft could not be tolled by an indictment
alleging ‘a single theft,’ because they are ‘separate offenses for all
purposes, including limitation[,]’ arising from “different conduct, different
acts, and different transactions[.]’”  Brooks, 312 S.W.3d at 31. 
The court of criminal appeals concluded that this court had not considered
Appellant’s claim that “the first indictment charged only a single theft, which
cannot toll limitations for an indictment alleging aggregated theft, regardless
of the language or defects in either of the indictments, because tolling does
not occur when separate offenses that address different conduct, different
acts, and different transactions are alleged in a subsequent indictment.”  Id.
at 32.

            In
sum, the court of criminal appeals, in an exhaustive recitation of Appellant’s
argument, did not agree with Appellant’s assertion that she had argued that she
was entitled to relief on the basis that the second indictment does not contain
tolling language.  Id.  Instead, the court directed this court to
consider the question of whether the first theft indictment could toll the
statute of limitations for the aggregate theft indictment in light of the
State’s arguments that the indictments rest on the same evidence and same
conduct.  Id. at 32-33.  We addressed this issue in our opinion
on remand.

            In
a petition for discretionary review filed after our opinion on remand,
Appellant once again asserts that this court failed to address her assertion
that the indictment was defective because it does not contain tolling
language.  Appellant cites to an “Issues Presented” page in her brief as
support for this argument.[3]  In her petition,
Appellant treats her first and second issues, which the court of criminal
appeals treated as a single issue and which Appellant briefed together, as two
independent claims.  She asserts that she had argued that the indictment was
barred for failure to contain any tolling language and barred because any
tolling language would be ineffectual.  We did not read her brief to raise the
issue that the indictment is barred for failure to contain tolling language,
the court of criminal appeals did not characterize her argument this way, the
court of criminal appeals did not remand this case with instructions for this court
to address this question, and this is not a question the trial court decided.[4]

Analysis

Appellant
was indicted for the felony offense of theft in 2000, and she was indicted for the
felony offense of theft in 2006, the day after the first indictment was
dismissed.  Both indictments allege that Appellant committed theft from the
same person and describe the theft with the same range of value.  There are two
differences between the indictments.  The second indictment alleges that any
theft occurred within a slightly narrower range of time–two months narrower–and
it alleges that there may have been multiple thefts as part of a scheme or
continuing course of conduct pursuant to penal code section 31.09.  See Tex. Penal Code Ann. § 31.09 (Vernon
2003) (aggregate theft).

Appellant
argues that theft and aggregate theft are different offenses and that the first
indictment could not and did not toll the statute for the separate offense of
aggregate theft. Aggregate theft is a different offense from theft and requires
additional language in the indictment.[5]   See
Thomason v. State, 892 S.W.2d 8, 10-11 (Tex. Crim. App. 2002);
Graves v. State, 795 S.W.2d 185, 187 (Tex. Crim. App. App. 1990)
(aggregate theft a separate offense).  Therefore, Appellant’s argument
would be persuasive if the court of criminal appeals in Hernandez
had held that an indictment can toll the statute only for the same offense.  But
the court in Hernandez identified that the relevant inquiry was
not whether the indictments were for the same offense but whether the tolling indictment
“gives adequate notice of the substance of the subsequent indictment.”  Hernandez,
127 S.W.3d at 772.  

The
indictments here cover the same conduct, act, or transaction.  The first
indictment charged Appellant with a theft of between $20,000 and $100,000 that
occurred sometime between July 1, 1998 and April 1, 2000.  Because of the
nature of our jurisprudence with respect to indictments, the amount alleged was
not a formal limitation to Appellant’s liability.  Instead, the State could
request that the jury be instructed on a lesser included offense of theft of a
lesser amount.  See Grey v. State, 298 S.W.3d 644, 645, 651 (Tex.
Crim. App. 2009) (state may request trial court to instruct jury on lesser included
offense); see, e.g., Kellar v. State, 108 S.W.3d
311, 312 (Tex. Crim. App. 2003) (defendant charged with theft in the aggregate
of more than $100,000, but convicted of theft of more than $20,000 but less
than $100,000).  Accordingly, the first indictment charged Appellant with any
theft she may have committed during the relevant period of time that did not
exceed $100,000.

Therefore,
the difference between these indictments is that the first indictment charged
Appellant with one of any of the thefts she may have committed from the named
individual (with the upward bound of $100,000), and the second indictment
charged her with every theft she committed from that person pursuant to a
scheme or continuing course of conduct.  Accordingly, Appellant was on notice
that she could be held accountable for conduct, specifically any thefts she
committed, but it was not until the second indictment was returned that she was
on notice as to the theory the State would employ to seek a specific range of
punishment.  In this way, this case is roughly analogous to the court’s
decision in Hernandez.  In that case, the defendant was indicted
for the offense of possession of amphetamine.  Hernandez, 127
S.W.3d at 769.  It was not until years later that the State obtained an indictment
charging the defendant with possession of methamphetamine.  Id. 
The court held that the first indictment tolled the second because they both
charged the appellant with the same conduct and both charges rested upon
essentially the same proof, namely that the defendant possessed the controlled
substance.  Id. at 774.  In that case, as here, the defendant was
on notice from the first indictment as to what he had to defend against, an
accusation of possession of the substance the police recovered from his person
in Hernandez and an accusation of theft in this case.  It was not
until the second indictment in each case that the defendant was made aware of
the specific mechanism the State would employ at trial.  

There
are differences between this case and Hernandez.  For one, the
range of punishment did not change in that case.  We have no details of the
alleged offense in this case, but if the State’s proof at trial is that
Appellant stole one thousand dollars on twenty-one occasions, the first indictment
would have put Appellant at risk of conviction for a low level offense, one of
those thefts, and the second indictment would put her at risk of a much more
serious offense, the aggregate amount of those thefts.  See Tex. Penal Code Ann. § 31.03 (Vernon
Supp. 2010) (theft of less than $1,500 is misdemeanor and theft of more than
$20,000 is second degree or higher felony).  If, on the other hand, the State’s
proof at trial is that Appellant stole $21,000 on three occasions, the range of
punishment would not be different.  

In
the Hernandez decision, the court cited federal decisions in an
effort to construe article 12.05.  See Hernandez, 127
S.W.3d at 773.  The court noted that a subsequent indictment is barred by the
statute of limitations if it “broadens or substantially amends the charges in
the original indictment.”  Id.  It is unclear if the court was
adopting this language or citing persuasive authority.  This language is not
taken from the relevant federal statute, 18 United States Code Section 3288,
but it does appear in several federal decisions cited by the court of criminal
appeals.  See, e.g., United States v. Davis, 953
F.2d 1482, 1491 (10th Cir. 1992); United States v. Gengo, 808
F.2d 1, 3 (2d Cir. 1986); United States v. Grady, 544 F.2d 598,
602 (2d Cir. 1976). 

Though
Appellant does not make this argument specifically, there is an argument that
the second indictment is broader than the first because Appellant could be
subject to more liability under the second indictment than she would have been
under the first indictment.  However, we do not understand the court’s decision
in Hernandez to disallow tolling in this situation.  The court
held that, based on its review of the public policy implications, the proper
interpretation of article 12.05 was to allow an indictment to toll the statute
of limitations for a subsequent indictment where there was notice to the
defendant of the alleged conduct, act, or transaction.  Hernandez,
127 S.W.3d at 774; see also Ex parte Smith, 178 S.W.3d 797, 805
(Tex. Crim. App. 2005) (deficiencies in tolling allegation not ripe for
interlocutory appeal because appellant “had full knowledge of the existence and
content of the prior indictment which tolled the [statute of limitations]”). 
This is to effectuate the purpose of a statute of limitations, which is “to
protect the accused from having to defend against charges when the basic facts
may have become obscured by the passage of time and to minimize the danger of
official punishment because of acts in the far-distant past.”  Hernandez,
127 S.W.3d at 772 (citing Toussie v. United States, 397
U.S. 112, 114-15, 25 L. Ed. 2d 156, 161, 90 S. Ct. 858 (1970)).  In construing
the federal standard, courts have held that an inquiry into whether a
subsequent indictment “broadens” or amends the original charges, courts should
“consider whether the additional pleadings allege violations of a different
statute, contain different elements, rely on different evidence, or expose the
defendant to a potentially greater sentence.”  See, e.g., United
States v. Salmonese, 352 F.3d 608, 622 (2d Cir. 2003) (citing United
States v. Ben Zvi, 168 F.3d 49, 55 (2d Cir. 1999)).  

Nevertheless,
as the court in Salmonese noted “the ‘touchstone’ of our analysis
is notice, i.e., whether the original indictment fairly alerted the defendant
to the subsequent charges against him and the time period at issue.”  Salmonese,
353 F.3d at 622; see also Hernandez, 127 S.W.3d at 772,
774; c.f. United States v. Sears, Roebuck & Co., 785
F.2d 777, 779 (9th Cir. 1986) (potential for greater penalty does not render
charges in superseding indictment broader than those in original indictment). 
As applied to this case, the statutes are different, though similar, the
elements and evidence are the same, but Appellant is exposed to a potentially
greater sentence.[6]  

In
an analogous case, the First District Court of Appeals held that a misdemeanor
indictment could toll the statute of limitations for a subsequent indictment
for a felony.  See State v. Collier, 285 S.W.3d 133, 136-37 (Tex.
App.–Houston [1st Dist] 2009, no pet.); c.f. Loredo v. State, No.
12-06-00287-CR, 2007 Tex. App. LEXIS 6703, at *5 (Tex. App.–Tyler Aug. 22,
2007, no pet.) (mem. op., not designated for publication) (murder indictment
tolls statute of limitations for subsequent aggravated assault indictment). 
The principal issue in the Collier case was whether the
misdemeanor indictment was filed in the proper court and whether it had any
tolling effect.  See Collier, 285 S.W.3d at 135.  Nevertheless,
the court held that an indictment for a lesser offense can toll the indictment
for a greater, in part because the defendant had notice of the intended
charge.  Id. at 136-37.  By contrast, in Ex parte Martin,
159 S.W.3d 262, 265 (Tex. App.–Beaumont 2005, pet. ref’d), the court held that
an aggravated robbery indictment did not toll the statute of limitations for
the offense of bail jumping because the two indictments did not share a factual
basis.  

In
sum, the court of criminal appeals has held courts are to read the tolling in
light of the rationale for statutes of limitations, which is that defendants
not be haled into court to defend against charges for which the facts are
obscured by the passage of time.[7]   Such a consideration is, or can
be, alleviated when the person has been under indictment for the same conduct,
act, or transaction.  As the court noted, “[i]f the defendant has adequate
notice of a charge, [s]he can preserve those facts that are essential to [her]
defense.”  Hernandez, 127 S.W.3d at 772; compare State v.
Jennings, 928 A.2d 541, 547 (Conn. App. Ct. 2007) (addition of second
stalking charge outside of period of limitations barred because it exposed
defendant to potentially greater sentence) with State v. Kiley,
No. 07-CR-050231275, 2007 Conn. Super. LEXIS 2773, at *13 (Conn. Super. Ct.
Oct. 24, 2007) (mem. op., not designated for publication) (possibility of
greater sentence not dispositive when defendant had notice of conduct charged
in out of time information). 

In
this case, the two indictments do share a factual basis, and Appellant was on
notice to preserve any facts or defenses available to her for any thefts she
committed against the individual named in the indictment.  The redrawing of the
indictment to allege the aggregate of the amount she allegedly stole from that
individual does not present a situation where any particular fact or alleged
theft will be used against her that could not have been used had the State
proceeded to trial on the initial indictment.  For the reasons stated above, we
hold that the first indictment in this case can toll the second indictment.  We
overrule Appellant’s sole remaining issue.

 

Disposition

Having
overruled Appellant’s sole issue, the judgment is affirmed.

 

                                                Brian Hoyle

                                                                     
             Justice

 

 

Opinion
delivered January 19, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)









[1] The original amount alleged was between $100,000
and $200,000.  On or about July 20, 2006, the State amended the indictment to
allege these amounts.





[2] The court refused discretionary
review on the question of whether the trial court erred in dismissing the first
indictment at the State’s request.

 





                [3] This cite is to Appellant’s
initial brief filed in this court.  We did not request and Appellant did not
file a supplemental brief following remand from the court of criminal appeals.

 





                [4] Because the State could
simply seek another indictment to remedy the pleading issue, it appears that
Appellant elected to present the higher-stakes argument that the anticipated
tolling language would be ineffectual.  Also, the court of criminal decision in
Tita was released several years after the trial court’s decision
in this case.  It is possible, as the court of appeals did in that case, that
the parties believed that tolling language was not required to be pleaded in
the indictment.  We are confident that the trial court will, per Tita,
dismiss the indictment if the State does not replace it with an indictment that
contains tolling language.  Tita, 267 S.W.3d at 38 (“[A]n
indictment must indicate on its face that a prosecution thereunder is not
barred by the applicable statute of limitations and that an indictment that
does not indicate such is subject to a pretrial motion to dismiss.”).

 





[5] The court of criminal appeals
characterizes a part of the State’s argument as an assertion that the first
indictment did allege an aggregate theft because it alleged that the theft
occurred within a range of dates.  See Ex parte Brooks, 312
S.W.3d at 32-33.  The court’s decision in Thomason neatly
disposes of this contention.  In Thomason, the indictment charged
that the theft occurred between two specific dates, and the court of criminal
appeals held that the indictment charged a single theft and not an aggregate
theft.  Thomason, 892 S.W.2d at 9, 12 (“[I]t is readily apparent
that because the ‘continuing course of conduct’ language was not alleged, the
indictment charged an offense of theft under § 31.03[,] and the State was
committed to that theory of prosecution.”).  

On page eight of its original
brief, the State asserted that both charges “rest on essentially the same
evidence and the same conduct.”  On page five of its brief before the court of
criminal appeals, the State argued that the offenses were the same, but also
that both indictments allege the same conduct, same act, or same transaction.





[6] As we stated earlier, Appellant
is exposed to a greater sentence in this case only if the State could not prove
a single theft that would make the offense a second degree felony without
aggregating the amounts of the thefts.  





[7] The trial court’s application of
article 12.05 in this case does not lead to an absurd result, nor does it place
Appellant in a situation where she must defend against charges of which she had
no notice.  See Hernandez, 127 S.W.3d at 772 (“If we were to read
‘an indictment’ to mean any indictment for any unrelated offense,
then a person could be continually indicted for any offense that the State felt
inclined to charge once an initial indictment was filed.”).