**EX PARTE Mark ALVEAR**

No. 10–14–00383–CR

Court of Appeals of Texas, Waco.

Opinion delivered and filed March 10, 2016

Robert G. Callahan II, Law Offices of Callahan & King, Waco, TX, for Appellant/Relator.

Abel Reyna, McLennan County District Attorney, Sterling A. Harmon, McLennan County Asst. District Attorney, Waco, TX, for Appellees/Respondents.

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

## OPINION

REX D. DAVIS, Justice

Appellant Mark Alvear was charged by information with driving while intoxicated. The information, filed on August 13, 2012, alleged that Alvear, "on or about the 14th day of July, A.D.2012, did then and there operate a motor vehicle in a public place while the said defendant was intoxicated." The State subsequently filed a motion to dismiss the cause, giving the reason: "officer deployed to Afghanistan, will refile upon his return." On November 30, 2012, the trial court signed an order dismissing the cause.

On August 25, 2014, Alvear was again charged by information with driving while intoxicated. The information again alleged that Alvear, "on or about the 14th day of July, A.D.2012, did then and there operate a motor vehicle in a public place while the said defendant was intoxicated." Alvear filed a motion to quash and dismiss the information and application for writ of habeas corpus. Alvear claimed that the State failed to file the information within the two-year statute of limitations. Despite the information's lack of tolling facts, Alvear also argued that the statute of limitations was never tolled under article 12.05(b) of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (West 2015) ("The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.").

The trial court held a hearing on December 3, 2014, and then took the matter under advisement. On December 4, 2014, the State filed a motion to amend the information to include that "during the period from August 13, 2012 until December 4, 2012, an information charging the above offense was pending in a court of competent jurisdiction, to-wit: cause num-

ber 20123161CR1 in the County Court at Law Number 1 of McLennan County, Texas, styled the State of Texas vs. Mark Anthony Alvear Jr." On December 9, 2014, the trial court denied the motion to quash and dismiss the information and application for writ of habeas corpus. No action was taken on the State's motion to amend the information.

In his first issue, Alvear contends that the trial court erred in denying his motion to quash the information and application for writ of habeas corpus because the State's prosecution is barred by the statute of limitations, which was not tolled. In his second issue, Alvear contends that the trial court erred in denying his motion to quash the information and application for writ of habeas corpus because, even if the statute of limitations was tolled, any subsequently filed information was inadequate or will be filed after the new statutory deadline. The State responds that we have no jurisdiction of this matter and that, even if we have jurisdiction, the trial court did not err in denying Alvear's motion to quash the information and application for writ of habeas corpus.

■ We begin with Alvear's appeal from the trial court's order denying his motion to quash the information. Because there has been no judgment of conviction in the trial court, the order denying Alvear's motion to quash the information is interlocutory. "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim. App.1991); *Taylor v. State*, 268 S.W.3d

752, 755–56 (Tex.App.—Waco 2008, pet. ref'd). No such authorization has been made for an interlocutory appeal of an order denying a motion to quash. *See Taylor*, 268 S.W.3d at 755–56; *Ahmad v. State*, 158 S.W.3d 525, 527 (Tex.App.—Fort Worth 2004, pet. ref'd). We therefore have no jurisdiction of and must dismiss Alvear's appeal to the extent he is appealing the interlocutory order denying his motion to quash the information.[1]

■ We next address Alvear's appeal from the trial court's order denying his application for writ of habeas corpus. The State argues that we do not have jurisdiction of this matter because "habeas relief and an interlocutory appeal are no longer the proper vehicle for a defendant to assert [a limitations] defense." The State, however, confuses cognizability with jurisdiction. The Court of Criminal Appeals has explained: "Certain claims may not be cognizable on habeas corpus, i.e., they may not be proper grounds for habeas corpus relief. However, if the [trial] court denies relief, regardless of the underlying claims for the relief sought, the applicant may appeal." *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex.Crim.App.1998).

The right of appeal occurs because the habeas proceeding is in fact considered a separate "criminal action," and the denial of relief marks the end of the trial stage of that criminal action and the commencement of the timetable for appeal. The appealability of a habeas proceeding turns not upon the nature of the claim advanced but upon the use of the procedure itself and the trial court's de-

---

1. Although not mentioned in the statement of each issue, Alvear sometimes complains in the substance of his brief that the trial court erred in denying his motion to quash *and dismiss* the information. To the extent Alvear is also appealing from the trial court's order

denying his motion to dismiss, our analysis is the same as that for his appeal from the denial of the motion to quash. We have no jurisdiction of an interlocutory appeal of the denial of a motion to dismiss. *See Taylor*, 268 S.W.3d at 755–56.

cision to consider the claim (i.e. "issue the writ").

*Greenwell v. Ct. of Appeals for Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650 (Tex.Crim.App.2005) (footnotes omitted); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006) (defendant's right to appeal "any criminal action"). We therefore have jurisdiction of Alvear's appeal from the trial court's order denying his application for writ of habeas corpus. But the issue of whether Alvear's claim is cognizable on pretrial habeas corpus remains.

Alvear cites *Ex parte Matthews*, 873 S.W.2d 40 (Tex.Crim.App.1994), as authority that his claim is cognizable on pretrial habeas corpus. In *Matthews*, the Court of Criminal Appeals held that a defendant's pretrial application for writ of habeas corpus was an appropriate vehicle for her to challenge her indictment on statute-of-limitations grounds, specifically the constitutionality of Code of Criminal Procedure article 12.05(a). *Id.* at 40–41, 43; *see* TEX. CODE CRIM. PROC. ANN. art. 12.05(a) ("The time during which the accused is absent from the state shall not be computed in the period of limitation."). Citing *Ex parte Ward*, 560 S.W.2d 660, 662 (Tex.Crim.App. 1978), and *Ex parte Dickerson*, 549 S.W.2d 202, 203–04 (Tex.Crim.App.1977), the State asserts that the *Matthews* decision made sense at the time because the law was also that, if the charging instrument on its face showed that the charged offense was barred by limitations, then the charging instrument was so fundamentally defective that the trial court did not have jurisdiction. *But see State v. Yount*, 853 S.W.2d 6, 8 (Tex. Crim. App.1993) ("[A]n indictment which charges the commission of an offense barred by limitations still confers jurisdiction upon the trial court, such that the defendant must bring the defect to the attention of the trial court in order to preserve any error."). The State argues that four years after *Matthews*, however, the Court of Criminal Appeals held in *Proctor v. State*, 967 S.W.2d 840 (Tex.Crim.App.1998), that a statute-of-limitations defense is forfeited if not raised by the defendant in a timely fashion. *Id.* at 844–45. And our sister court concluded later that year that, based on *Proctor*, defendants may no longer challenge limitations by filing an application for writ of habeas corpus. *Ex parte Gutierrez*, 989 S.W.2d 55, 56 (Tex.App.—San Antonio 1998, no pet.) (per curiam). The State maintains that we should follow *Gutierrez*.[2]

But the Court of Criminal Appeals has not followed *Gutierrez*'s interpretation of *Proctor*. After *Proctor* and *Gutierrez*, the Court of Criminal Appeals explained in *Ex parte Tamez*, 38 S.W.3d 159 (Tex.Crim.App.2001), that pretrial habeas corpus is generally not available to test the sufficiency of the charging instrument but that

---

**2.** The State acknowledges that in *Phillips v. State*, 362 S.W.3d 606 (Tex.Crim.App.2011), the Court of Criminal Appeals distinguished between two types of limitations defenses: (1) those that are "based on facts" and (2) those that are "pure law." *Id.* at 617. The *Phillips* court held that, while *Proctor* continued to apply to factual limitations defenses, it did not apply to those that are pure law. *Id.* Therefore, a defendant could forfeit only a factual limitations defense by failing to assert it at trial. *Id.* But a pure-law limitations defense, as a jurisdictional defect, could not be forfeited and could be raised for the first time on appeal or in a collateral proceeding. *Id.* The State points out, however, that in *Ex parte Heilman*, 456 S.W.3d 159 (Tex.Crim.App. 2015), the Court of Criminal Appeals concluded that *Phillips's* distinction between factual and pure-law limitations defenses was in error, at least in circumstances lacking any legislative *ex post facto* violation. *Id.* at 163. The *Heilman* court held that, in circumstances lacking any legislative *ex post facto* violation, both factual and pure-law limitations defenses are again forfeitable rights, as under *Proctor*. *Id.* at 169.

certain exceptions to this rule have been recognized. *Id.* at 160. The court stated that one of the exceptions is that "if the [charging instrument], on its face, shows that the offense charged is barred by limitations, then it is appropriate that habeas corpus relief be granted." *Id.*

In *Ex parte Smith,* 178 S.W.3d 797 (Tex. Crim.App.2005), the Court of Criminal Appeals then "chipped away at what was once an absolute rule by holding that a limitations challenge was not cognizable if it involved just a 'reparable' pleading defect." *Ex parte Doster,* 303 S.W.3d 720, 725 (Tex. Crim.App.2010) (citing *Smith,* 178 S.W.3d at 804). The *Smith* court addressed whether a defendant may complain in a pretrial petition for writ of habeas corpus about the sufficiency of a tolling allegation in a charging instrument. *Smith,* 178 S.W.3d at 799. In holding that he may not, the court stated,

> When a charging instrument shows on its face that prosecution is barred by the statute of limitations and that pleading is not reparable, a defendant may seek relief from a time-barred prosecution by a pretrial petition for a writ of habeas corpus. If, on the other hand, the information or indictment does contain a tolling allegation, any errors, omissions, or defects in that tolling language must be raised in a pretrial motion to dismiss or they are waived. These reparable defects cannot be raised by a pretrial petition for a writ of habeas corpus and are not subject to interlocutory appeal.

*Id.* The court explained, "Only when an indictment shows on its face that prosecution is absolutely barred by the statute of limitations and that pleading is not reparable, may a defendant seek relief from further prosecution via a pretrial writ of habeas corpus." *Id.* at 804.

Lastly, in *Ex parte Brooks,* 312 S.W.3d 30 (Tex.Crim.App.2010), the appellant was indicted in April 2000 for a theft that was alleged to have occurred "between 7–1–98 through 4–1–2000." *Id.* at 31. On August 17, 2006, after denying the State's motion to amend the indictment, the trial court granted the State's motion to dismiss the indictment so that it might cure the indictment's defect. *Id.* The following day, the State re-indicted the appellant using language alleging aggregated theft that "began on or about September 1, 1998, and continued until on or about April 1, 2000." *Id.* The second indictment did not contain any allegation that the statute of limitations had been tolled by the previous indictment. *Id.*

The appellant filed a pretrial application for writ of habeas corpus, which the trial court denied. *Id.* The appellant appealed, arguing as she did in the trial court that the second indictment was barred by the statute of limitations because aggregated theft could not be tolled by an indictment alleging a single theft. *Id.* at 31–32. The court of appeals characterized the appellant's claim as a challenge to the sufficiency of the State's anticipated tolling argument. *Id.* at 32. The court of appeals held that the appellant's claim was therefore governed by *Smith* and that the court was unable to address the merits of the appellant's "interlocutory appeal claim concerning the sufficiency of the tolling allegation." *Id.*

The appellant's petition for discretionary review argued in part that the court of appeals mischaracterized her challenge to the second indictment. *Id.* The Court of Criminal Appeals granted the ground for review and stated in its opinion:

> We agree with appellant that the court of appeals misunderstood her claim. Appellant did not claim that the second indictment was defective because it did not contain tolling language, nor did appellant argue that the indictment

would still be insufficient even if it did contain tolling language. Appellant contended that the first indictment charged only a single theft, which cannot toll limitations for an indictment alleging aggregated theft, regardless of the language or defects in either of the indictments, because tolling does not occur when separate offenses that address different conduct, different acts, and different transactions are alleged in a subsequent indictment.

*Id.* The Court of Criminal Appeals therefore reversed the judgment of the court of appeals and remanded the cause without deciding the issue. *Id.* at 33. On remand, the court of appeals addressed the issue, held that the first indictment could toll the second indictment, and affirmed the trial court's judgment. *Ex parte Brooks,* No. 12–06–00378–CR, 2011 WL 165446 (Tex. App.—Tyler Jan. 19, 2011, pet. ref'd) (mem. op., not designated for publication). Because the appellant did not raise the issue that the indictment was barred for failure to contain tolling language, the court of appeals simply included in a footnote, "We are confident that the trial court will, per *Tita,* dismiss the indictment if the State does not replace it with an indictment that contains tolling language." *Id.* at *3 n. 4.

In this case, unlike in *Brooks,* Alvear does complain in his second issue that the second indictment was defective because it does not contain tolling language. Therefore, we must first determine whether the charging instrument in this case "shows on its face that prosecution is absolutely barred by the statute of limitations and that pleading is not reparable." *See Smith,* 178 S.W.3d at 804.

■ A prosecution for driving while intoxicated must be brought within two years from the date of the commission of the offense. TEX. CODE CRIM. PROC. ANN.

art. 12.02(a) (West 2015); TEX. PENAL CODE ANN. § 49.04(a), (b) (West Supp.2015). The face of the information in this case specifies the date of the offense as July 14, 2012 and shows that the information was filed on August 25, 2014, a date more than two years after the alleged date of the offense. The State did not plead such tolling facts so that the information indicates on its face that prosecution is not barred by the statute of limitations. *See Smith,* 178 S.W.3d at 803. The face of the information therefore indicates that prosecution is barred by the statute of limitations.

The State nevertheless argues that such error was harmless because the information will be remedied by the trial court granting the State's motion to amend the information to include the tolling paragraph that it has proposed in its motion. *See Mercier v. State,* 322 S.W.3d 258, 264 (Tex.Crim.App.2010) ("A harm analysis under Rule of Appellate Procedure 44.2(b) is necessary when an indictment is defective due to the lack of a tolling provision."). At this point, however, no action has been taken on the State's motion to amend the information. And, a charging instrument that contains no tolling language and instead shows on its face that prosecution is absolutely barred by the statute of limitations is not reparable. *See Heilman,* 456 S.W.3d at 169 (Newell, J., concurring).

The trial court therefore erred in denying Alvear's application for writ of habeas corpus because the information shows on its face that prosecution is barred by the statute of limitations and that the information is not reparable. *See Smith,* 178 S.W.3d at 799, 804. We sustain Alvear's second issue in part, reverse the trial court's order denying Alvear's application for writ of habeas corpus, grant habeas relief, and dismiss the information and

prosecution. We need not reach Alvear's first issue.