**Opinion issued June 15, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00881-CR

————————————

**KAREN ALLEN MULLINAX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 248th District Court
Harris County, Texas
Trial Court Case No. 1616807

## MEMORANDUM OPINION

In this interlocutory appeal, appellant, Karen Allen Mullinax, challenges the trial court's orders denying her motion to compel, first amended motion to quash indictment, and pretrial application for writ of habeas corpus. In two issues, appellant contends that the trial court erred in denying her motion to compel, first

amended motion to quash indictment, and pretrial application for writ of habeas corpus.

We dismiss the appeal for lack of jurisdiction.

**Background**

A Harris County grand jury issued a true bill of indictment, alleging that appellant, beginning on or about February 3, 2011 and continuing through January 9, 2013, "did then and there unlawfully, and pursuant to one continuing scheme and course of conduct, with intent to harm or defraud another, by deception, cause U.A. Plumbers Local Union No. 68 to execute documents, namely, checks, which affected the property and pecuniary interest of U.A. Plumbers Local Union No. 68 by causing money to be paid from U.A. Plumbers Local Union No. 68's bank account(s), and said pecuniary interest was of the value of more than twenty thousand dollars, but less than one hundred thousand dollars."[1]

On September 2, 2019, appellant filed a Motion to Compel the State to Comply with Article 20.20 of the Code of Criminal Procedure, asserting that Texas Code of Criminal Procedure article 20.20[2] required an indictment to "contain the

---

[1]    *See* TEX. PENAL CODE ANN. § 32.46 ("Securing Execution of Document by Deception").

[2]    *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 401 (repealed 2021) ("The attorney representing the State shall prepare all indictments which have been found, with as little delay as possible, and deliver them to the foreman, who shall sign the same officially, and said attorney shall endorse thereon the names of the witnesses upon whose testimony the same was found."); *see also*

2

names of the witnesses 'upon whose testimony' the indictment[] was [']found.'" Recognizing that the trial court had the discretion to order the State to comply with article 20.20, appellant requested that the trial court direct the State "to endorse upon the indictment the names of all witnesses who appeared before the grand jury and upon whose testimony the indictment was found."

The trial court, without explanation, denied appellant's motion to compel.

On October 16, 2019, appellant filed her First Amended Motion to Quash Indictment and Pretrial Application for Writ of Habeas Corpus. Appellant asked the trial court to quash the indictment and also argued that she was entitled to habeas relief because she is "being illegally restrained in her liberty by" the Harris County sheriff and she is alleged to have committed an offense under Texas Penal Code section 32.46, which is unconstitutionally vague.

The trial court, without explanation, signed a combined order on appellant's First Amended Motion to Quash Indictment and Pretrial Application for Writ of Habeas Corpus, stating: "[T]his Court[] denies [appellant's] motion." (Emphasis omitted.)

---

TEX. CODE CRIM. PROC. ANN. art. 20A.302(a) ("The attorney representing the [S]tate shall prepare, with as little delay as possible, each indictment found by the grand jury and shall deliver the indictment to the foreperson. The attorney shall endorse on the indictment the name of each witness on whose testimony the indictment was found.").

**Jurisdiction**

"Courts always have jurisdiction to determine their own jurisdiction." *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (internal quotations omitted). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Comunidad Corp. v. State*, 445 S.W.3d 401, 404 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

The right to appeal in criminal cases is conferred by statute, and a party may appeal only from a judgment of conviction or an interlocutory order as authorized by statute.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *see also Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (noting there are very limited exceptions to general rule that appellate courts may consider appeals by criminal defendants only after conviction). A court of appeals lacks jurisdiction to review an interlocutory order in a criminal case when jurisdiction has not been expressly granted by statute. *See Ragston*, 424 S.W.3d at 52; *see also State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (explaining appeals "in a criminal case are permitted only when they are specifically authorized by statute"); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) (noting "an interlocutory appeal is an extraordinary remedy"). When this Court lacks

---

[3] There is no judgment of conviction in this case.

4

jurisdiction, we must dismiss the appeal. *See*, *e.g.*, *Anthony v. State*, No. 01-19-00941-CR, 2020 WL 1144670, at *1 (Tex. App.—Houston [1st Dist.] Mar. 10, 2020, no pet.) (mem. op., not designated for publication); *Dunsmore v. State*, Nos. 01-14-00251-CR, 01-14-00307-CR, 01-14-00274-CR, 01-14-00306-CR, 2014 WL 4418565, at *1–2 (Tex. App.—Houston [1st Dist.] Sept. 9, 2014, pet. ref'd) (mem. op., not designated for publication).

## A.  Motion to Compel and Motion to Quash

The State argues that we lack jurisdiction over appellant's appeal of the trial court's interlocutory order denying appellant's Motion to Compel the State to Comply with Article 20.20 of the Code of Criminal Procedure because "[a]ppellant points . . . to no statute that would permit her to appeal the trial court's interlocutory order" and "no statute permits interlocutory appeal of the denial of an [a]rticle 20.20 motion." We note that appellant also tries to appeal from the trial court's interlocutory order denying her First Amended Motion to Quash Indictment.[4]

Although appellant seeks to appeal from the trial court's interlocutory order denying her Motion to Compel the State to Comply with Article 20.20 of the Code of Criminal Procedure, appellant has not provided this Court with, and we have not found, any statute authorizing such an appeal. *See Ragston*, 424 S.W.3d at 52

---

[4] Appellant filed a combined motion in the trial court titled, First Amended Motion to Quash Indictment and Pretrial Application for Writ of Habeas Corpus. In her combined motion, she asked the trial court to quash the indictment.

("Jurisdiction must be expressly given to the courts of appeals in a statute. [T]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." (alteration in original) (internal quotations omitted)); *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) ("The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law."); *see also Hinojosa v. State*, No. 01-03-00009-CR, 2004 WL 690775, at *1 (Tex. App.—Houston [1st Dist.] Apr. 1, 2004, no pet.) (mem. op., not designated for publication) (in appeal from final conviction, defendant argued indictment violated Texas Code of Criminal Procedure article 20.20); *Dixon v. State*, No. 01-95-00432-CR, 1999 WL 107307, at *2 (Tex. App.—Houston [1st Dist.] Mar. 4, 1999, pet. ref'd) (not designated for publication) (in appeal from final conviction, defendant argued trial court lacked jurisdiction because defendant was not indicted in accordance with Texas Code of Criminal Procedure article 20.20).

Appellant also tries to appeal from the trial court's interlocutory order denying her First Amended Motion to Quash Indictment. No statute authorizes an appeal from a trial court's interlocutory order denying a motion to quash. *See Ex parte Alvear*, 524 S.W.3d 261, 263 (Tex. App.—Waco 2016, no pet.); *Ahmad v. State*, 158 S.W.3d 525, 526–27 (Tex. App.—Fort Worth 2004, pet. ref'd); *see also Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) ("[T]he denial of a pretrial

6

motion may be appealed only after conviction and sentencing."); *Ex parte Gonzales*, No. 04-19-00869-CR, 2020 WL 4046521, at *1 (Tex. App.—San Antonio July 15, 2020, no pet.) (mem. op., not designated for publication) (concluding appellate court did not have jurisdiction to review trial court's interlocutory order denying defendant's motion to quash).

We hold that we lack jurisdiction over appellant's appeal of the trial court's interlocutory orders denying her Motion to Compel the State to Comply with Article 20.20 of the Code of Criminal Procedure and her First Amended Motion to Quash Indictment. We dismiss this portion of appellant's appeal. *See* TEX. R. APP. P. 43.2(f).

**B. Pretrial Application for Writ of Habeas Corpus**

The State also argues that we lack jurisdiction over appellant's appeal of the trial court's denial of her Pretrial Application for Writ of Habeas Corpus because the "record fails to demonstrate that the trial [court] issued a ruling on the merits" of appellant's habeas application.

There is no right of appeal from a refusal to issue a writ of habeas corpus when the trial court did not consider and resolve the merits of a defendant's application. *See Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991); *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Ex parte Gonzales*, 12 S.W.3d 913, 914 (Tex. App.—Austin 2000, pet. ref'd). We must

7

therefore examine whether the trial court considered and resolved the merits of appellant's Pretrial Application for Writ of Habeas Corpus. *See Purchase*, 176 S.W.3d at 407; *Ex parte Gonzales*, 12 S.W.3d at 914 ("If the trial court reaches the merits of the habeas corpus application, its ruling is appealable . . . ."); *see also In re R.G.*, 388 S.W.3d 820, 822 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("[W]hen a hearing is held on the merits of an applicant's [habeas] claim and the court subsequently rules on the merits of that claim, the losing party may appeal." (internal quotations omitted)). We review the entire appellate record to make this determination. *See Purchase*, 176 S.W.3d at 407; *Ex parte Bowers*, 36 S.W.3d 926, 926–27 (Tex. App.—Dallas 2001, pet. ref'd) (court lacked jurisdiction over appeal from trial court's refusal to grant application for writ of habeas corpus where neither trial court's order—nor anything else in record—reflected that trial court considered merits of defendant's habeas application).

In *Purchase*, this Court concluded that the trial court did not reach the merits of the defendant's application for writ of habeas corpus where the trial court (1) denied the writ without hearing evidence or argument on the defendant's claims and (2) did not express an opinion on the merits of the defendant's claims. 176 S.W.3d at 407; *see also Ex parte Campos*, No. 14-17-00492-CR, 2017 WL 4797839, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 24, 2017, no pet.) (mem. op., not designated for publication) (defendant appealed trial court's denial of habeas

application; appellate court held it lacked jurisdiction to consider appeal where "[t]he record . . . [did] not establish that the trial court ruled on the underlying merits of [defendant's] writ application").

Appellant filed her Pretrial Application for Writ of Habeas Corpus on October 6, 2019, but the record does not show that the trial court reached the merits of her habeas application. No reporter's record from any hearing on appellant's application has been filed in this case. *See Ex parte Lewis*, No. 14-16-00629-CR, 2017 WL 6559647, at *2 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, pet. ref'd) (mem. op., not designated for publication) (in concluding trial court did not reach merits of defendant's habeas application, noting "[t]here [was] not a court reporter's record or any other documentation showing that a hearing took place"). And the order signed by the trial court does not show that the trial court considered or resolved the merits of appellant's application. Instead, the order is a combined order on both appellant's First Amendment Motion to Quash and her Pretrial Application for Writ of Habeas Corpus and only states that the trial court "denie[d]" appellant's "motion." (Emphasis omitted.) Nothing in the order shows that the trial court considered and resolved the merits of appellant's habeas application.[5] *See Purchase*, 176 S.W.3d at

---

[5]     Although the trial court's combined order states that appellant "appeared in person and through her counsel" and "[t]he State appeared," it is not clear that a hearing on appellant's Pretrial Application for Writ of Habeas Corpus was held. Still yet, "a hearing alone is insufficient to show that the trial court considered the merits of appellant's habeas [application]." *See Ex parte Lewis*, No. 14-16-00629-CR, 2017

407 (when record reveals trial court "denied" application for writ of habeas corpus without expressing opinion on merits of defendant's claims, trial court did not resolve merits of habeas application and appellate court lacked jurisdiction (internal quotations omitted)); *see, e.g.*, *Ex parte Nicholson*, No. 01-20-00751-CR, 2021 WL 497240, at *3–4 (Tex. App.—Houston [1st Dist.] Feb. 11, 2021, no pet.) (mem. op., not designated for publication) (notation "[d]enied" by trial court did not show that it considered merits of habeas application (alteration in original) (internal quotations omitted)); *Ex parte Gonzalez*, No. 05-20-00512-CR, 2021 WL 320838, at *1–4 (Tex. App.—Dallas Feb. 1, 2021, pet. ref'd) (mem. op., not designated for publication) (when trial court's order stated habeas application "[d]enied," explaining that order failed to "express any recitations about the merits of [defendant's] application"); *Ex parte Herod*, No. 01-15-00494-CR, 2016 WL 1470079, at *4 (Tex. App.—Houston [1st Dist.] Apr. 14, 2016, no pet.) (mem. op., not designated for publication) (when trial court summarily denies habeas application it does not resolve merits and appellate court lacks jurisdiction).

---

WL 6559647, at *2 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, pet. ref'd) (mem. op., not designated for publication); *see also Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991) (distinguishing between two types of hearings held on habeas applications: (1) hearing to determine "whether the merits of the [habeas] claim should be addressed," which does not give rise to appellate review, and (2) hearing "held to ultimately resolve the merits of a[] [defendant's habeas] claim," which gives rise to appellate review).

Nothing in the record establishes that the trial court expressly ruled on the merits of appellant's Pretrial Application for Writ of Habeas Corpus.[6] *See Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1996, no pet.) (trial court must expressly rule on merits of habeas application). Thus, we hold that we lack jurisdiction over appellant's appeal related to her habeas application. We dismiss the remaining portion of appellant's appeal. *See* TEX. R. APP. P. 43.2(f).

**Conclusion**

We dismiss the appeal for lack of jurisdiction.

Julie Countiss
Justice

Panel consists of Chief Justice Radack, Landau, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[6] Appellant appears to concede that the trial court did not address the merits of her habeas application, stating, in her briefing: "The trial court need not rule on the merits of the habeas petition for this Court to have jurisdiction over the appeal. That's ridiculous."

11