

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-17-00188-CR

———————————————————

EX PARTE CHARLES BARTON

On Appeal from County Criminal Court No. 8
Tarrant County, Texas
Trial Court No. 1314404

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion on Remand by Chief Justice Sudderth

# MEMORANDUM OPINION ON REMAND

The Texas Court of Criminal Appeals held that Penal Code Section 42.07(a)(7), the electronic harassment statute, "does not implicate the First Amendment" and "is not facially unconstitutional," rejecting Appellant Charles Barton's arguments to the contrary. *Ex parte Barton*, No. PD-1123-19, 2022 WL 1021061, at *6–7 (Tex. Crim. App. Apr. 6, 2022); *see* Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 1, sec. 42.07, 1973 Tex. Gen. Laws 883, 956–57 (amended 2001) (current version at Tex. Penal Code Ann. § 42.07(a)(7)). Now on remand, we turn to Barton's only remaining issue: whether the trial court erred by denying his motion to quash because, Barton claims, his charging instrument is insufficiently specific to give him adequate notice of the offense.

As noted in our initial opinion, "we have no jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law, and no law authorizes an interlocutory appeal of an order denying a motion to quash."[1] *Ex parte Barton*, 586 S.W.3d 573, 577 n.8 (Tex. App.—Fort Worth 2019) (op. on reh'g), *rev'd*, 2022 WL 1021061; *see Ex parte Alvear*, 524 S.W.3d 261, 263 (Tex. App.—Waco 2016, no pet.); *see also Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) ("The

---

[1]At oral argument, Barton's counsel was asked to address this court's jurisdiction over his challenge to the motion to quash. Counsel responded that we could address the issue because he "ha[s] a right under the law to know what exactly [he is] defending against, and if you look at the charging instrument, it's very incomplete." But this is an argument on the merits of the issue; it does not give us jurisdiction to review it.

courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law.").

Accordingly, we dismiss Barton's appeal for want of jurisdiction. Tex. R. App. P. 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 30, 2022