

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-26-00160-CR

Bryan Keith **GUTIERREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 25-09-00102-CRK
Honorable Jennifer Dillingham, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Velia J. Meza, Justice

Delivered and Filed: April 8, 2026

DISMISSED FOR WANT OF JURISDICTION

The clerk's record reflects that on March 2, 2026, appellant filed a "Motion for Bond Relief" in this court, appearing to challenge the amount set as bail and requesting that several indictments against him be quashed. The record does not reflect a judgment of conviction. We liberally construe appellant's motion as a notice of appeal. *See* TEX. R. APP. P. 25.2.

"Jurisdiction must be expressly given to the courts of appeals in a statute." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). "There is no constitutional or statutory authority

granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Id*. And we have no jurisdiction to review an interlocutory order denying a motion to quash an indictment. *Ex parte Alvear*, 524 S.W.3d 261, 263 (Tex. App.—Waco 2016, no pet.).

We accordingly ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. We dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH